[492] THE STATE OF TEXAS VS. FRANCIS KRONER — THE SAME VS. NICHOLAS D. LABADIE — THE SAME VS. RICHARD S. CONLAN — Appeals from Galveston County.

The statute which requires the copy of the record of an appeal or writ of error to be filed with the clerk of the supreme court on or before the third day of the term next succeeding the taking of the appeal or writ of error, is as applicable to the state, when a party appellant or plaintiff, as to an individual. When the transcript of the record has not been thus filed, the former, as well as the latter, must show good cause for the omission, in order to authorize the court to refuse a motion made to dismiss the case. [28 Tex. 488.]

Where no exception has been made by law, the state must prosecute her suits for civil rights in the same way, and under the same forms of remedy, prescribed by the laws of the forum for individual suitors. [16 Tex. 305; 21 Tex. 753.]

*Harris*, Attorney General, for the appellant.
*Alexander*, for appellee.

Mr. Justice LIPSCOMB delivered the opinion of the court.

These three cases were tried at the spring term, 1847, of the district court for Galveston county. They had been instituted by the state to recover the penalty imposed by law for not paying the license taxes. The judgment of the court was in favor of the defendants, the appellees in the suits in this court. Appeals were taken, and the transcripts of the records were filed on the 29th of March. This court having been in session from the second Monday of December, and no reason having been given why the records were not filed in the time prescribed by law, the appellees by their counsel move the court to dismiss them from the docket.

There appears to have been great negligence on the part of those whose duty it was to represent the interest of the state. The records, from the indorsement on them, appear [**493**] not to have been called for until the 22d of March, more than three months after the commencement of the term of this court; and now not the slightest excuse is offered why they were not sooner filed. If the state was not a party, agreeably to our uniform practice, the suits would without hesitation be dismissed.

Can the state, as appellant, claim an exemption?

The 22d section of the act to organize the supreme court is in the following words, *i. e.:* "That when the copy of the record of an appeal or writ of error shall not be filed with the clerk of the supreme court on or before the third day of the term next succeeding the taking of the appeal or writ of error, it shall be lawful for the court, in its discretion, on motion of the defendant in appeal or writ of error, and no good cause being shown why the transcript of the record was not filed in due time, to dismiss the appeal or writ of error; and in case the judgment be rendered in the court below, or the writ of error be issued during the time of the session of the supreme court, it may be brought up immediately for review and decision in said court." The law makes no distinction or exception in favor of the state, and the rule is thought to be well settled, that where no exception has been made by law, the state must prosecute her suits for civil rights in the same way, and under the same forms of remedy, prescribed by the laws of the forum for individual suitors. It is true that on general principles of law, it is said that a statute of limitations, not in express terms embracing the state, will not be held to extend to the claims of the state. But this cannot be called a statute of limitations. It is a rule of practice, not made by the court, but prescribed by law for the government of parties, appellants or plaintiffs in the supreme court. There is not any good reason perceived for relaxing the rule in favor of the state. She is represented by officers, in the enjoyment of a competent compensation, or at least it is supposed so, otherwise they would not hold the office, whose duty it is to

attend to her [494] interest. Why, then, should such officers be exempt from the necessity of showing some reasonable excuse for such apparent negligence? It is believed that to extend such indulgence would have an injurious influence. Instead of their being held to strict responsibility, which is certainly sound policy, they would be encouraged in their negligence and inattention to the responsibilities of their office.

Much latitude is given to the court in the section cited, and we have uniformly been very liberal in receiving excuses for the delay in bringing the record into court; but in no case has a transcript been received, after the expiration of the time prescribed by the law, without any excuse for the delay, if it was resisted by the opposite party; and if the motion is over-ruled now, it will be an exception in favor of the state, and we believe that in principle there can be no such exception. The motion to dismiss is granted.