Statement of the case.

F. SCRANTON AND OTHERS V. P. H. BELL, GOVERNOR,
ETC.

1. After an appeal had been pending in this court for some seventeen
   years, the appellants moved to dismiss on the ground that the appeal
   bond given by them within the twenty days allowed by law after the
   adjournment of the court below was for an insufficient amount to
   give this court jurisdiction. But the record further shows that after
   the expiration of the twenty days, the appellants gave an additional
   appeal bond for a sum sufficient to comply with the requirements of
   Article 1491, Paschal's Digest. *Held*, that the motion is an extraordi-
   nary one, and cannot be granted.
2. When an appeal bond is defective because for an insufficient amount,
   the defect may be cured by giving an additional bond. The rulings
   relative to appeal bonds, made in Shelton v. Wade, 4 Texas, 148, are
   quoted by the court with approval ; and it is *held* that in no case will
   the court sustain an appellant's motion to dismiss his appeal, when
   the motion is predicated on his own laches.
3. Upon the maxim *stare decisis*, the ruling of this court in The State v.
   Purcell, 16 Texas, 305, to the effect that limitation runs against this
   State in suits for money, is applied to the present case ; but this rul-
   ing is not regarded as settled law.

APPEAL from Austin.    Tried below before the Hon.
Robert J. Towns.

This venerable suit was brought to the Spring Term,
1854, and was appealed to this court at its next term
thereafter.

It was an action in the name of Governor Bell to re-
cover of the appellants, as sureties of one Grayson,
sheriff and tax collector of Austin county, some $1300
of tax money, collected by Grayson, in 1842-3-4, and
not paid over or accounted for by him.

The questions decided by this court require no fuller
statement of the facts.

It will be observed that two opinions were rendered
in the case.    The first was on the appellants' motion to

dismiss their own appeal, and was rendered at the term of 1870–71.   The second was on the final hearing, at the next term thereafter.

At the former term, counsel for the appellants, Messrs. Pease & Turner, moved to dismiss the appeal for the reasons disclosed in the opinion; and the then assistant Attorney General, J. G. Boyle, moved to strike out the motion to dismiss, insisting that such a motion would not be heard from appellants.

WALKER, J.—This case at present stands upon a motion made by the appellants to dismiss their appeal, after having kept the case in court for sixteen or seventeen years.

We regard the motion as most extraordinary in its character.   The appellants allege that they gave a bond within the twenty days after the adjournment of the court prescribed by law, which was insufficient to give this court jurisdiction; but they admit that they afterwards gave a bond for an additional sum, sufficient to comply with the requirements of the statute. (Article 1491, Paschal's Digest.)   The irregularity, then, consists in not having taken the full statutory bond within the twenty days after the adjournment of the term at which the judgment was rendered that is appealed from.

The appellants are not asking to amend their bond; that they have already done; but they are moving the court to dismiss their appeal, because they say their bond was insufficient to give this court jurisdiction of the case, and in support of their motion they cite Burr v. Lewis, 6 Texas, 80; Lyell v. Guadalupe County, 28 Texas, 58; and Janes v. Langham, 29 Texas, 416.   But we beg leave in our opinion to refer to Shelton v. Wade, 4 Texas, 148, wherein the court say:

"The law regulating appeals is intended to afford the

appellant every facility consistent with a due regard to the rights of the appellee; and it should be so construed as to attain that object.

"Where an appeal bond is objected to merely for informality or insufficiency, it is within the discretion of the court to refuse to dismiss the appeal, if the appellant will perfect the bond.

"It is not necessary that an appeal bond be signed by the appellant.

"Where an appeal bond was for too small an amount, the appellant was permitted to file a new bond.

"*It seems* that the approval of an appeal bond by the clerk of the district court is conclusive only as to the sufficiency of the sureties."

This doctrine is again affirmed in Hollis and Wife v. Border, 10 Texas, 277, wherein Shelton v. Wade is referred to and approbated.

It is, then, familiar to this court that an appellant may amend his bond, where an insufficient bond has been taken, within the twenty days allowed for perfecting the appeal.

The appeal bond is given to the appellee, and we can see no good reason why he should not be allowed to waive the insufficiency of the bond, provided the sum secured by it is sufficient to pay costs.

But we have no hesitation in saying that the court should in no case allow an appeal to be dismissed on motion of the appellant, predicated upon his own laches.

The court, where there is no bond, or where the bond is insufficient, may of its own motion, or on motion of the appellee, dismiss the appeal.

The motion in this case is overruled, and on motion of appellants the cause is continued to make parties.

The case came to a final hearing at the term of 1871–2.

*E. M. Pease*, for the appellants.—We propose first to discuss the question of limitation.

The account of the State against Grayson (the sheriff, who is not sued), is for the taxes for the years 1842, 1843 and 1844, and is attached to and made a part of the petition. The bond, which is also attached to and made a part of the petition, is dated fourteenth of October, 1843.

This court knows, judicially, that under the laws of the Republic of Texas, the regular periods for the election of sheriffs occurred at intervals of two years, and that their term of office was two years. The said Grayson, if elected at a regular period, must have been elected on the first Monday in February, 1843, and his term expired first Monday in February, 1845. (See Acts of 1st Congress, page 179.) If he was elected at a special election, it must have been prior to the fourteenth of October, 1843 (the date of the bond), and his term must have expired prior to the fourteenth of October, 1845. Now, if this cause of action occurred on the execution of the bond, fourteenth of October, 1843, ten years and one month had elapsed when this suit was brought on the fourteenth of November, 1853. If this cause of action did not accrue until Grayson, the principal, had made default, that default must have occurred on or prior to the fourteenth of October, 1845, which is the latest possible period to which his term of office could have extended, whether he was chosen at a regular or special election. The default must certainly have occurred when he went out of office, if not before, and a period of eight years and one month had elapsed between the time when he must have gone out of office, viz., the fourteenth of October, 1845, and the time when this suit was brought, on the fourteenth of November, 1853. All this appeared on the face of the petition,

and therefore the defendants were entitled to avail themselves of limitation on demurrer. (See 3 Texas Reports, 93 and 192.)

They also had a right to avail themselves of limitation by pleading it; which they did, and the statement of facts contains the evidence that the cause of action occurred more than twice four years before this suit was commenced.

There was at one time some difference of opinion whether limitation would run against the State in a civil action, but our Supreme Court has decided directly "that in actions brought by the State other than those for land, the statute of limitations will form a bar to the action." See The State v. Purcell, 16 Texas, 307, where this matter is fully and ably discussed by Judge Lipscomb. See, also, The State v. Kroner, 2 Texas, 492.

This decision in 16 Texas was made in 1856, after the cause we are now examining was tried, and has been considered as the law in this State ever since. We therefore contend, that because the district court erred in overruling the defendants' pleas of limitation, this court will reverse the judgment, and render a judgment in favor of the defendants, as the court below should have done.

No brief for the appellee.

WALKER, J.—We have supposed that the maxim "*nullum tempus occurrit regi*" was of universal acceptation among the United States. But we find in the case of The State v. Purcell, 16 Texas Reports, 305, that this maxim is held not to apply, in this State, in actions for the recovery of money.

The case was decided by a divided court, Mr. Justice Wheeler dissenting. The case of The State v. Kroner,

2 Texas, 492, is cited with approbation; though we do not think the question therein decided was analogous to that decided in the case of The State v. Purcell. The question in the former case was one of practice; in the latter the question regarded the law limiting the time within which suits should be brought.

We will apply the doctrine as announced in The State v. Purcell, to the case at bar, more from a regard to the maxim "*stare decisis*," than from any willing concurrence in the opinion of the court. At the same time, we desire to call the attention of the profession to this case, inviting argument and consideration, should the principle recur. These remarks dispose of the case at bar; for, if we apply the doctrine of The State v. Purcell, the action was barred by limitation; for when that case was decided, the laws were in force under which this suit was brought.

The record presents a case of great hardship against the appellants. More than eight years had transpired after the liability of their principal had accrued, before suit was brought. In the meantime, it appears that he had left the country and died, and great difficulty naturally presented itself to the securities, in attempting to gain a knowledge of the true state of his accounts as assessor and collector of Austin county. There is no other question raised upon the record, worthy of consideration, which has not been decided and settled. As there can be no reason for remanding the case, we reverse the judgment of the district court, and dismiss the case.

REVERSED AND DISMISSED.