W. L. Johnson et al. v. Llano County.

Decided February 17, 1897.

**Limitation—Suit by County.**

  A county suing to recover land not devoted to public use, is not exempt from the operation of the statutes of limitation. (Rev. Stats., art. 3351 construed.)

Appeal from the District Court of Llano County. Tried below before Hon. W. M. Allison.

*John C. Oatman* and *Jas. Flack,* for appellants.—As respects all private property belonging to a county corporation, such corporation falls within and is affected by the statutes of limitation, the same as a private person. Sayles' Civ. Stats., art. 3200; Railway v. Travis County, 62 Texas, 16; Coleman v. Thurmond, 56 Texas, 520; Dillon, Mun. Cor., sec. 533; Wood, Lim., sec. 53.

Where the statute provides a general rule in respect to a certain class of rights, and by affirmative language makes certain specified exceptions to that rule, the statement of such exceptions excludes the idea that there are any other exceptions to such rule than the ones stated. And courts are not permitted to engraft on such general rule any other exceptions than those stated in such statute. Sayles' Civ. Stats., arts. 3191, 3193, 3194, 3200; Snoddy v. Cage, 5 Texas, 106; Byran v. Sundberg, 5 Texas, 418; Carolan v. McDonald, 15 Texas, 328; Etter v. Railway, 2 Willson's C. C., sec. 58; 1 Kent (5th ed.), 457 and note; Murray v. State, 21 Texas Crim. App., 620; Beeson v. State, 23 Texas Crim. App., 406.

*Slator & McLean* and *W. C. Linden,* for appellee. With reference to actions for real estate, counties, being but subdivisions of the State, are not affected by the statutes of limitation. Constitution, art. 9, sec. 1; Constitution, art. 11, sec. 1; Coleman v. Thurmond, 56 Texas, 520.

Key, Associate Justice.—*Opinion.*—Llano County brought this suit in form of trespass to try title to recover several parcels of real estate described as certain lots in certain blocks in the town of Llano.

Among the defenses interposed by the defendants were the three, five and ten years statutes of limitation. These defenses were excepted to, upon the ground that, the plaintiff being a county, limitation would not run against it; which exception was sustained, and the propriety of that ruling is the only question involved in this appeal. There is no statement of facts in the record; and as the petition does not allege that the lots were used or intended to be used by the county for public purposes, the question for decision is whether or not in a suit by a county to recover real estate, not acquired for nor devoted to any public use, the statute of limitation can be interposed as a defense.

Counsel for Llano County maintain the negative of this proposition, and contend that, as limitation will not run against the State, and as the Constitution recognizes counties as legal subdivisions of the State, limitation will not run against a county.

But in reply to this argument it might be said that the very article of the Constitution that recognizes counties as legal subdivisions of the State also classifies them as municipal corporations, and as it has been held that limitation will run against municipal corporations in this State (City of Galveston v. Menard, 23 Texas, 350; Mellinger v. City of Houston, 68 Texas, 39), therefore the question is settled adversely to the county. But in fact, accurately speaking, counties are not "municipal corporations," though that phrase is sometimes used in a broad sense that will include them. Dillon on Mun. Corp., secs. 19 and 20. Neither do counties, in and of themselves, and independent of the rights granted to them by the State, possess any of the attributes or functions of sovereignty; and hence they are not, in the true sense of sovereignty, any part of the State. The State has delegated to them, as it has to cities and towns, certain powers and functions that belong to the State; but it does not follow that, because such corporations are entrusted with the exercise of such powers and functions, they are, in all respects, elevated to the dignity of sovereignty.

It has been held in this State—and the ruling seems to be supported by the weight of authority—that as to municipal corporations proper—cities, towns and villages—the statute of limitations will apply, although the subject of litigation be one in which the general public is interested. City of Galveston v. Menard and Mellinger v. City of Houston, above cited. In Coleman v. Thurmond, 56 Texas, 520, the court declined to apply the same rule to a county, and held that, as to land dedicated to a county for a public highway, limitation would not run. This case was subsequently referred to and explained in Railway v. Travis County, 62 Texas, 16, where it was decided that the statute of limitation would run against a county suing to recover damages caused by the manner in which a railroad crossing over a public road had been constructed. And, in discussing the maxim nullum tempus occurrit regi, and giving instances in which it had and had not been extended to municipal corporations, it is there said: "The principle upon which the extension of the benefits of the maxim is made seems to rest upon the idea that the statute will not run where the sovereignty is substantially interested in, and vested with, the right and ownership of the subject-matter in litigation and which is sought to be subjected to the operation of the statutes of limitation." This case is cited, apparently with approval, by Judge Stayton in Mellinger v. City of Houston, supra.

We have cited all the decisions in this State that we have been able to find that have any direct bearing on the subject; but it will be seen that none of them decide the precise question, though the only material difference between this case and Railway v. Travis County lies in the

fact that Travis County was suing for damages and Llano County is suing for land, and we have never had any statute expressly exempting the State from limitation as to personal actions, while such statutory exemption as to the statute of limitations in actions to recover real estate has long existed. It was held, however, in Brown v. Sneed, 77 Texas, 471, that the fact that the statute in express terms makes an exception in favor of the State in suits for land does not imply that as to other actions the statute would run against the State. But it is pertinent to note that it was held in an early day, and reaffirmed in the case last cited, that while, unless expressly so declared by statute, the State was not subject to the statute of limitations, it was not correct to say that the lapse of time, no matter how long, would not bar the State; and the rule announced was that, by analogy, the courts would apply to the State the longest period of limitation fixed by statute,—and it was accordingly held that in a suit upon a bond the State would be barred after the lapse of ten years. Governor v. Allbright, 21 Texas, 754. We merely refer to that ruling to show that in this State, even when the State itself is a party litigant, the maxim nullum tempus occurrit regi is not recognized and enforced in the broad language in which it is stated, nor to the extent it has been applied in some other jurisdictions. Of course, in the case in hand, as the statute expressly exempts the State from the several provisions of the statute of limitations, in suits to recover real estate, if a county is entitled to the same exemption because it is accorded to the State, then the question would have to be determined just as if the State, instead of a county, were the party against whom limitation was pleaded; and it would necessarily follow that the county would not be barred by the statute of limitations, in suits for land.

But for reasons already stated, we do not think that a county should be allowed all the exemptions accorded to the State; and this conclusion is fortified by the action of the Legislature on the subject. Article 3200 of the Revised Statutes of 1879 reads thus: "The right of the State of Texas shall not be barred by any of the provisions of this chapter." The chapter there referred to contains the several statutory provisions in reference to limitation of actions to recover real estate. Up to 1887 counties, cities and towns were not mentioned in any statute of limitation. But on March 17, 1887, the Legislature amended article 3200 so that it now reads as follows: "The right of the State shall not be barred by any of the provisions of this chapter, nor shall any person ever acquire, by occupancy or adverse possession, any right or title to any part or portion of any road, street, sidewalk or grounds which belong to any town, city or county, or which have been donated or dedicated for public use to any such town, city or county by the owner thereof, or which have been laid out or dedicated in any manner to public use in any town, city or county in this State; provided, this law shall not apply to any alley laid out across any block or square in any city or town." As amended this constitutes article 3351 of the Revised Statutes of 1895.

From this amendment it is reasonable to conclude that the Legislature did not consider that the exemption of the State would apply to a county, because, if such were the case, it was unnecessary to include counties in the amendment. The question, however, arises, whether or not the amendment referred to will protect Llano County from the statute of limitations in this case. If the enumeration "any road, street, sidewalk or grounds" was intended to include all real estate, regardless of quantity, situation or adaptation, then it applies in this case and exempts Llano County from the statutes of limitation. But we are satisfied that the statute should not be so construed; because, if such had been the intention of the Legislature, counties would have been included in the phrase exempting the State. The very fact that, in the same article according full exemption to the State, the Legislature did not include counties in such immunity, but undertook to enumerate the instances in which they should be exempt, is conclusive proof that the purpose was to allow to them a limited exemption, not equal to that accorded to the State. It is manifest that the words "road," "street" and "sidewalk" have a definite and restricted meaning, and do not include all real estate; and, considering the entire statute, we think it is quite clear that the term "grounds," as used in the statute, was intended to apply only to such real estate as was dedicated to or intended for public use, as sites for public buildings, parks, etc.

In support of the proposition that limitation will run against a county, when the general public is not interested in the subject-matter of the litigation, we cite 13 Am. & Eng. Ency., Law, 715; 1 Wood on Lim., sec. 53; Evans v. Erie County, 66 Pa. St. 222; County of Lancaster v. Brinthall, 29 Pa. St. 38; County of St. Charles v. Powell, 22 Mo., 525; Armstrong v. Dalton, 4 Dev. (N. C.), 568.

Our conclusion is that the trial court erred in sustaining the demurrer to the pleas of limitation, for which error the judgment should be set aside and the cause remanded for a new trial.

*Reversed and remanded*