LUDER'S ADM'R v. STATE.

(Court of Civil Appeals of Texas. San Antonio. Dec. 18, 1912.)

1. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—PROPOSITIONS.

An assignment of error will be overruled where the proposition thereunder, though abstractly correct, is not predicated on a state of facts by which it can be supported.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. ACTION (§ 35*) — REMEDIES — STATUTORY AND COMMON-LAW REMEDIES.

A statute which gives a remedy in a case in which the common law gives a remedy, without negativing expressly or impliedly the right to the common-law remedy, but which merely prescribes other than the usual remedy for the enforcement of the right, is cumulative, and not exclusive.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 273-294; Dec. Dig. § 35.*]

3. INSANE PERSONS (§ 53*) — CUSTODY AND SUPPORT — COMPENSATION FOR SUPPORT IN ASYLUM.

The remedy prescribed by Rev. St. 1895, art. 116, for the reimbursement by the state of expenses for maintaining patients in insane asylums, is not exclusive, and does not affect the common-law right of the state to recover for money expended in the care of a demented person against his guardian or other person liable for his support, based on implied duty to pay for the benefits received without reference to the lunacy proceedings, and the common-law remedy is unaffected by the fact that the lunatic is dead, and an action may be maintained against his administrator.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 84, 85; Dec. Dig. § 53.*]

4. LIMITATION OF ACTIONS (§ 11*)—LIMITATIONS AGAINST THE STATE.

Limitations do not run against the state, unless the statute specifically so provides.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 35-39; Dec. Dig. § 11.*]

5. APPEAL AND ERROR (§ 742*)—QUESTIONS REVIEWABLE — ASSIGNMENTS OF ERROR—PROPOSITIONS.

An assignment of error will not be considered where the propositions under it are not germane to it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. INSANE PERSONS (§ 53*)—LIABILITY FOR SUPPORT—ENFORCEMENT—LACHES.

The defense of stale demand is purely an equitable one, and is not available in an action at law for a debt by the state for expenses incurred in maintaining a lunatic at an asylum.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 84, 85; Dec. Dig. § 53.*]

Appeal from District Court, De Witt County; John M. Green, Judge.

Action by the State against Conradine Luder's administrator. From a judgment for the State, defendant appeals, and the State assigns cross-errors. Affirmed in part, and reversed and rendered in part.

Waldeck & Hartman, of Cuero, for appellant. F. S. Schleicher and H. W. Wallace, both of Cuero, for the State.

TALIAFERRO, J. This action was brought by the state of Texas, by her county attorney of De Witt county, Tex., against Ed. Koenig, Sr., administrator of the estate of Conradine Luder, deceased, on an open account amounting to $1,761.42, alleged to be due the state of Texas by the estate of said Conradine Luder, deceased, for board and treatment of the said Conradine Luder at $5 per week for 352 2/7 weeks. Appellee filed this suit in the district court of De Witt county, Tex., on the 6th day of July, A. D. 1911. The petition alleged that Conradine Luder died in the Southwestern Insane Asylum in Bexar county, Tex., on the 22d day of May, 1910; that the appellant, Ed. Koenig, Sr., was on the 7th day of July, 1910, duly appointed administrator of her estate, and that on the 11th day of July, 1910, he qualified as such; that on the 31st day of October, 1896, the said Conradine Luder was adjudged a lunatic, and ordered confined in said asylum. Appellee also alleged that Conradine Luder was placed in said asylum and given board and medical treatment and assistance from October 31, 1896, to July 8, 1897, being 33 weeks; that on said 8th day of July, 1897, she was discharged from said asylum. Appellee further pleaded that on November 27, 1903, the said Conradine Luder was again adjudged a lunatic and or-

dered confined in said asylum, and that she was again placed in said asylum and given board and treatment for $319^2/_7$ weeks, namely, from March 29, 1904, to May 22, 1910, on which last-mentioned date she died. Appellee also pleaded that said asylum was established and is maintained by the state of Texas under the provisions of law for the care and treatment of insane persons; that all public patients, not indigent, shall be kept and maintained at the expense of the state in the first instance, but that in such case the state shall be entitled to reimbursement, and that not exceeding $5 per week shall be recovered for the support of any lunatic; that said Conradine Luder was not indigent, and that she and her estate were liable to reimburse the state for her support and treatment in said asylum at the rate of $5 per week for the entire period of $352^2/_7$ weeks, during which time she was confined in said asylum, amounting to $1,761.42. Appellee alleged that it kept and maintained the said Conradine Luder for said period of time, furnishing her with the necessaries of life, such as board, clothing and medical attention, and that same was reasonably worth $5 per week, which she thereby promised and became bound and liable to pay, but, though often requested, she wholly failed and refused so to do; that the same is past due and no part thereof has been paid, and that all of said sum is justly due and owing appellee; that appellee on July 1, 1911, presented its claim for said amount to the appellant herein, and that same was on the same day refused and rejected by him with his memoranda of his rejection thereof indorsed thereon. Appellee attached to its petition its said claim as a part thereof. The petition closed with a prayer for judgment establishing said claim against the estate of Conradine Luder, deceased, and for all costs.

Appellant, Ed. Koenig, Sr., as administrator of the estate of Conradine Luder, deceased, on the same day filed his original answer, consisting (1) of a general demurrer; (2) special exception to appellee's petition, and to the first item of the account thereto attached, because said item appeared on the face of said petition to be barred by the two years statute of limitation; (3) special exception to said petition, and to the second item of the account thereto attached, because it appeared on the face of said petition that all of said items up to the 11th day of July, 1909, were barred by the two years statute of limitation; (4) special exception to the sufficiency of said petition, because it did not allege that at the time Conradine Luder was adjudged a lunatic there was an affirmative finding upon special issues submitted to the jury that said Conradine Luder was possessed of any estate, nor that there were any persons legally liable for her support; (5) general denial; (6) plea of the two years statute of limitation as to the amount alleged to be due from October 31, 1896, to July 22, 1897; (7) plea of the two-year statute of limitation as to the items which were alleged to be due from March 29, 1904, to July 11, 1909; (8) special plea setting up that plaintiff ought not to maintain this action for the recovery of said item of $165 for 33 weeks board and treatment, because the period of time elapsing from the 8th day of July, 1897, when same is alleged to have become due, to the time of the institution of this suit, is so great that it raises a presumption of payment against appellee that would bar a recovery of said item, and that, by reason of said long lapse of time, same is presumed to be paid and fully discharged; (9) special plea that the plaintiff ought not to recover from defendant said item of $1,596.42 for board and treatment of said Conradine Luder, deceased, from March 29, 1904, to the 22d day of May, 1910, because it nowhere appears from the decree of the county court of De Witt county, Tex., entered on the 27th day of November, 1903, that there was a finding by the jury that the said Conradine Luder was possessed of any estate, that said jury affirmatively found that the said Conradine Luder was possessed of no estate, but that one William F. Bade was legally liable for her support; and (10) a plea in the alternative, setting up that said sum of $5 for all of the time that said Conradine Luder, deceased, was maintained in said institution is unreasonable and excessive.

The case was tried by the court without a jury. The court overruled appellant's general and special exceptions, and all of appellant's special pleas, except the plea in the eighth paragraph of his answer, setting up the long lapse of time against the item of 33 weeks of the time said Conradine Luder was maintained and cared for in said asylum, amounting to $165, which was sustained, and rendered judgment establishing the remainder of said claim, to wit, $1,596.42 as a valid claim against the appellant, and that same be adjudicated and established as a valid claim against said estate for said sum of $1,596.42 and all costs.

[1] Appellant's first assignment of error is overruled. The proposition presented thereunder is, no doubt, as an abstract proposition of law correct, but it is not predicated upon a state of facts by which it can be supported.

The second assignment of error complains that the court overruled the fourth special exception, which was as follows: "Further excepting to the sufficiency of said petition, this defendant says the same is fatally defective and wholly insufficient in law to entitle the plaintiff to the relief therein prayed for and shows no cause of action, because it nowhere appears in said petition that at the time Conradine Luder, now deceased, was by decree of the county court of De Witt

county, Tex., adjudged a lunatic, there was an affirmative finding upon special issues submitted to the jury trying the issue of lunacy, as provided by article 133 of the Revised Statutes of this state, that said Conradine Luder, now deceased, was possessed of any estate, nor that there were any persons legally liable for her support, and of this he prays the judgment of the court."

[2, 3] Appellant construes article 116 in connection with articles 136 and 137 of the Revised Statutes to be mandatory in their direction of how actions may be brought against the estates of lunatics to recover the statutory compensation for their maintenance in state insane asylums. In other words, that the right to recover against the lunatic's estate exists by right of statute only, and that the remedy is therefore exclusive. To this we cannot subscribe. The state undoubtedly had the right under the common law to recover for money expended in the care of a demented person against his guardian or other person liable for his support in any court of competent jurisdiction, and, if so, it is the well-settled rule that if a statute gives a remedy in the affirmative without a negation, express or implied, for a matter which was actionable at common law, the party may sue at common law as well as upon the statute. Statutes affirmative of the right and prescribing other than the usual remedies for its enforcement, or conferring cognizance of it upon other tribunals, not negativing the pre-existing remedies or jurisdiction, in their very nature, are merely cumulative, and not exclusive. Sutherland, Statutory Construction, § 399; Thouvenin v. Rodriguez, 24 Tex. 468; 2 Will. § 58; 3 Will. § 159. The procedure provided in the statute for the recovery of expenses for the care of lunatics is permissive and cumulative, and does not pretend to be the exclusive remedy. The articles referred to do not specify a time at which the action by them contemplated shall be pursued. The action of the superintendent of the asylum and the county court might lawfully be postponed until the amount involved would exceed the jurisdiction of the county court. It can hardly be contended that, in such case, the action could not be prosecuted in the district court. If the action existed at common law, the state could elect to follow the statutory direction and summon the proper party to appear in the county court, and show cause why the estate of the lunatic should not respond, or it could file its action for debt and assume the burden of showing that the lunatic's estate should respond. In the latter alternative, the finding of the jury in the lunacy proceeding would become immaterial, as the action of the state would then rest upon the implied duty of the lunatic to pay for the benefits received. We cannot see how the remedy can be changed or affected by the fact that the lunatic is dead, and the action of the state is commenced against his administrator. The second assignment is overruled.

[4] The third assignment of error must be overruled. The first proposition under this assignment is as follows: "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterwards, all actions or suits for debt, where the indebtedness is not evidenced by contract in writing." This proposition as law is statutory and correct, but it is not applicable in this cause.

The second proposition is as follows: "In actions brought by the state other than those for land, the statute of limitation will form a bar to the action, and, where no exception has been made by law, the state must prosecute her suits for civil rights in the same way, and under the same forms of remedy, prescribed by the laws of the forum for individual suitors." This proposition is not sound, nor is it in accordance with the rule finally adopted by our Supreme Court, and now the law of this state. It is true that there was an early tendency in our courts to adopt the rule laid down by appellant's second proposition. In fact, it seems to have been the opinion of a majority of the court in the case of State v. Purcell, 16 Tex. 305, decided in 1856. But even in that case Justice Wheeler did not concur. The Purcell Case was followed, with apparent reluctance upon the part of the courts, in Scranton v. Bell, 35 Tex. 413; Railway v. Travis County, 62 Tex. 19, and a number of other cases. But the Supreme Court, in the case of Brown v. Sneed, 77 Tex. 471, 14 S. W. 248, finally and wholly repudiated that doctrine and declared the rule in Texas to be that, except in cases where the Legislature had made a specific exception, the statutes of limitation do not run against the state. Johnson v. Llano County, 15 Tex. Civ. App. 423, 39 S. W. 995; Galveston Chamber of Commerce v. Railroad Commission, 137 S. W. 746; Waters-Pierce Oil Co. v. State, 48 Tex. Civ. App. 162, 106 S. W. 929.

[5] The third and fourth propositions under this assignment are not germane to the assignment, and will not be considered.

The fifth proposition is disposed of by our ruling upon the second proposition.

There is no merit in the fourth and fifth assignments of error, and they are overruled.

[6] By cross-assignment the appellee questions the judgment of the trial court in sustaining the defendant's plea of laches with reference to the claim for 33 weeks board and attendance incurred at the time of the first incarceration of Conradine Luder in the asylum. The assignment is as follows: "The trial court erred in sustaining defendant's plea of laches by the state as to the item of 33 weeks of the time said Conradine Luder was maintained and cared for

by the state in the Southwestern Insane Asylum, to wit, the time from October 31, 1906, to July 8, 1907, amounting to $165, and in holding that the state was barred by the lapse of over 10 years time in suing for same, and in failing to render judgment for plaintiff establishing said item as a valid claim against the estate of said Conradine Luder, deceased." As said by the court in Brown v. Sneed, supra, we are unable to differentiate, so far as the sovereignty is concerned, between limitation and stale demand, but in this case that question is immaterial. This action is at law to recover a debt, and the defense of stale demand is purely an equitable one, and cannot be urged as a defense to an action at law. This case can involve no question except limitation.

Therefore, the appellee's counter assignment is sustained. The judgment of the district court is affirmed against the defendant for $1,596.42. It is reversed, in that wherein he sustained defendant's exception to the demand for $165 indemnity for the 33 weeks care and attention during the first incarceration of Conradine Luder in the insane asylum. Judgment is here rendered in favor of the state against Conradine Luder's administrator for the additional sum of $165, whereby the amount is made to be $1,761.42 and all costs of court.

Affirmed in part, and reversed and rendered in part.