## REED v. STATE et al.

### No. 2419.

Court of Civil Appeals of Texas. Eastland.

Nov. 5, 1943.

Rehearing Denied Dec. 3, 1943.

C. O. McMillan, of Stephenville, for appellant.

Gerald C. Mann, of Austin, and Sam Cleveland, of Stephenville, for appellees.

LESLIE, Chief Justice.

This is an appeal from an order granting a temporary injunction restraining Frank-

ness Reed from going upon and over the plaintiffs' lands and fishing in a small pond or lake thereon without plaintiffs' consent.

The 281 acre tract of land on which the lake is situated was conveyed by Erath County to the State of Texas on August 12, 1940. On that date the Commissioners Court approved by order and deed "the matters of conveying and dedicating" said land and did then "convey and dedicate the land above described to the state of Texas for use as a state experiment farm by the Texas Agricultural Experiment Station of the Agricultural and Mechanical College of Texas." The deed further recited that "absolute control and supervision over said land, for said use is hereby placed in the State of Texas acting by and through the Texas Agricultural Experiment Station of the Agricultural and Mechanical College of Texas, or any other agency or department that may be hereinafter designated by the State of Texas."

The State accepted the conveyance, and proceeded to develop an experiment station in accordance with the plans contemplated. The experiments relate to different phases of agriculture, such as testing different varieties of field crops and vegetables, testing for combinations of different fertilizers and different amounts of fertilizers, and the handling of different livestock on the range and similar programs.

The small lake covering about 3½ acres is in the corner of the 281 acre tract, is out in the open and under plaintiff's fence. The owner has placed some fish in the lake but in the main and until the present the lake is a "sort of water supply for livestock" at the station. The lake cannot be reached except by passing over other parts of the State's land.

Prior to deeding the land to the State August 12, 1940, and when Highway 66 was being constructed, Erath County gave the Highway Department permission to take dirt and gravel from said land and use the same in constructing an overpass over a railroad track. After the dirt was thus removed, the small pond or lake was formed in the excavation by the drainage and accumulation of surface water therein. Prior to that time there was no such lake at that point. "It was a hay meadow until that dirt was taken out * * *." "A hole has remained there ever since."

The State's suit is one in trespass to try title, and ancillary thereto the State sought a temporary injunction to restrain said Reed from fishing and trespassing upon said property. The gist of the complaint is that said Reed, without the consent of the State, is going over said land and fishing in said lake against the consent of the State and contrary to the wishes and directions of its agents in possession thereof, and that he threatens to continue to do so until restrained by legal proceedings. That defendant's conduct and use of the land and lake at present and, as threatened in the future, does and will damage said property and greatly impair or destroy the use for which same was acquired and dedicated.

On June 19, 1943, the trial court heard the plaintiff's application for a temporary injunction, the testimony and argument of counsel thereon, and entered an order restraining defendant from going upon said lands of plaintiffs and fishing in said lake.

The defendant presents five points of error in the ruling of the trial court, but these points combined are in substance stated by the appellant in his brief as follows: "Briefly stated it is the contention of Appellant that inasmuch as the land belonged to the State of Texas it was the property of all the people, and that no man or set of men have the authority to restrain the public or any member of the public from going upon the land; that the fish in public waters belong to all of the public in common and that no governmental agency or group of men have the authority to deny any citizen the right to fish in public waters."

In support of this contention the appellant cites Article 1, Section 3 of the State Constitution, Vernon's Ann.St., Article 4026, R.S. 1925, Diversion Lake Club v. Heath et al., 126 Tex. 129, 86 S.W.2d 441, 449, and authorities therein cited.

We are of the opinion that these authorities do not establish the rights and privileges contended for by the appellant. The constitutional provision is the statement of a sound but abstract principle of law without special application to the facts of this case. Neither does Article 4026 of the Statute have any controlling effect in the disposition of this appeal. That statute was briefly interpreted in the Diversion Lake case, wherein it was held that said Article "deals particularly with fish in public waters, the title to the beds of such waters, and the use of the waters and their beds for the taking and conservation of fish. It declares that the fish and the other aquatic animal life contained in the fresh waters, rivers, creeks, etc., of the state are the prop-

erty of the people of the state, that all of the public rivers, bayous, lakes, etc., in the state, together with their beds, and all the products thereof shall continue and remain the property of the state of Texas, and that, in so far as the use of such waters and beds shall relate to the taking or conservation of fish, oysters, etc., they shall be under the control of the game, fish, and oyster commissioner." Obviously the small lake in which Reed seeks to fish does not come within any of the specifications of Article 4026.

The opinion in Diversion Lake Club v. Heath, 126 Tex. 129, 86 S.W.2d 441, has no application to the facts of this case, because the body of water or stream there involved was a "statutory navigable stream." Such being the case, the Court held that the statute authorizing appropriations of state's waters for purpose of game preserves, recreation and pleasure resorts did not grant permittee (riparian owner) right to fish in lake to exclusion of the public.

In the instant case we are not dealing with stream or lake navigable in fact or a statutory navigable stream. Here it conclusively appears that the water in the small lake (in which Reed seeks to fish) is nonnavigable and is on land acquired by the State and dedicated to school and agricultural purposes. The land was being so used at the time of the alleged trespass and will continue to be so used. The use which Reed would make of the land and lake is inimicable to the uses and purposes for which the 281 acres was acquired and dedicated. Under such circumstances the state has the same right to use and control its property as is given an individual, and in determining such rights, the same rules of law are employed as in determining the rights of individuals under the same or like circumstances.

In the instant case, as in Taylor Fishing Club v. Hammett, Tex.Civ.App., 88 S.W.2d 127, the lake in question is non-navigable. The state has title to all the land, including the bed of the small lake within its enclosure, and it has the power and duty under the law and equity to protect its property thus segregated and dedicated to said purposes from trespasses, such as those charged against the defendant and which he threatens to repeat if not enjoined.

There can be no question about the right of the state to institute and prosecute this suit. "The State as a party plaintiff has the same right that any private person has, and may bring and maintain suits in the courts and may enforce its rights against persons violating them in the same way and to the same extent that individuals may. This is the substance of the decisions as they are usually expressed." Townes Texas Pleadings, 2d Ed., page 229. Authorities cited by the text: State v. Kroner, 2 Tex. 492; State v. Delesdenier, 7 Tex. 76; State v. Purcell's Executor et al., 16 Tex. 305, 309; State v. Thompson, 64 Tex. 690; State v. Farmers' Loan & Trust Co., 81 Tex. 530, 17 S.W. 60. To these we add Commonwealth of Massachusetts v. United North & South Development Co., Tex.Civ.App., 160 S.W.2d 563.

Since this is a suit to recover real estate and restrain the commission of trespass thereon, the power of the Attorney General to maintain such suit for and on behalf of the State is authorized by Article 5420, Revised Civil Statutes of Texas, and such authorities as Heard et al. v. State et al., Tex.Civ.App., 149 S.W.2d 237, and State v. Delesdenier, 7 Tex. 76; 34 T.J. p. 24, sec. 7 et seq.

It is unnecessary for us to determine the rights (if any) of the public to fish in waters on lands recognized as public domain. This record presents no such case, and in any event it is well understood that when land of the State has been dedicated and set aside for school and agricultural purposes, such land is no longer a part of the public domain. York v. Alley, Tex.Civ. App., 25 S.W.2d 193; State v. Delesdenier, 7 Tex. 76, 108; Lewis v. San Antonio, 7 Tex. 288; 34 T.J. 22, sec. 5 et seq.; 42 American Jur. p. 794, sec. 13.

For the reasons assigned, the judgment of the trial court is affirmed.