

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 3, 1961

Mr. Jerry N. Shurley
County Attorney
Sutton County
Sonora, Texas

Opinion No. WW-1105

Re: Whether Sutton County, as a
user of "special fuels", must
execute the bond required by
Art. 10.10(1), Title 122A,
Taxation-General, Revised
Civil Statutes of Texas, to
secure payment of taxes due
the State of Texas on such
fuel.

Dear Mr. Shurley:

You request the opinion of the Attorney General of Texas
in answer to two questions relative to the Special Fuels Tax Law,
Chapter 10 of Title 122A, Taxation-General of the Revised Civil
Statutes of Texas.

You recite the following facts as a basis for your questions.

"Sutton County road equipment con-
sists of bull-dozers, maintainers,
shovels, etc. which are exclusively
used for the construction and main-
tenance of County roads throughout
the County. In connection with the
use of this equipment, it is neces-
sary to avoid unnecessary delay in
the moving of this equipment from one
location to another; therefore, the
County also has a truck-trailer unit
called a 'low boy' used for trans-
porting the bull-dozer and shovel
from one location to another. This
truck necessarily travels upon the
State highways.

"In all of the above equipment,
diesel oil is used for fuel. This
fuel is denominated a 'special fuel'
and comes within Chapter 10 of Title
122A, Acts 1959, 56th Leg., 3rd C.S.,
p. 187, ch. 1, so far as the taxation
of this special fuel is concerned.

"Recently, the Comptroller of Public Accounts of Texas has advised the supplier who has been selling this special fuel to Sutton County that it would be necessary for Sutton County to execute a bond payable to the State of Texas since: (1) The 'low-boy' truck used by Sutton County is operated upon the State highways, and (2) due to the fact. . . Sutton County would not be eligible to simply execute an affidavit that all of such fuel was used off of the State highways thus coming under exemption from the tax imposed upon the special fuel."

You ask:

1) Whether Sutton County is a "person" within contemplation of the Special Fuels Tax Law;

2) Whether the county may lawfully execute a bond to secure payment by it to the State of the tax incurred by the county upon its use of "special fuels" as defined in Art. 10.02(1) of this law.

We answer both your questions "Yes".

Art. 10.02(9) of this law defines a "person" as follows:

"'Person' means every individual, firm, association, joint stock company, syndicate, partnership, copartnership, corporation (public, private, or municipal), trustee, agency or receiver."

Art. 10.10(1) of this law requires a bond to insure payment of the tax by every person who uses special fuels, as follows:

"Every person who is authorized by permit or required by law to make remittances or payments directly to this State. . .of taxes incurred upon the use of said products shall file with his application for permit a bond. . . ."

We believe "person" as defined in the Special Fuels Tax Law includes Sutton County. This law is a general law. We find in it

no exemptions from its provision of any user of special fuels.

> "The term 'person' as extended to
> include 'corporation' may include the
> State (thereby, obviously, including
> all State components or 'functioning
> arms') where such an intention is
> manifest."

The quoted language was used in Opinion of the Attorney General
of Texas No. WW-821 (1960); we believe this language is also
applicable in determining the meaning of "person" as defined in
the statutes relating to special motor fuels.  Opinion No. WW-821
held that the State Parks Board was a person within contemplation
of Art. 23.03, V.A.T.S., Tax.-Gen. which requires a person owning,
operating, managing or controlling any hotel to collect and pay
over to the State a hotel occupancy tax.  A copy of that opinion
is herewith enclosed.

Further, "person" as defined in Art. 10.02(9) (supra)
". . .means every. . .corporation (public,. . .or municipal). . . ."
The term "municipal corporation" in its broad meaning includes
counties.  Tex. Const. Art. XI; Galveston v. Posnainsky, 62 Tex.
118 (1884); Johnson v. Llano County, 39 S.W. 995 (Civ.App. 1897);
Brite v. Atascosa County, 247 S.W. 878 (Civ.App. 1923, error dism.);
30-A Tex.Jur. (Rev.) 27, Municipal Corporations, Sec. 6.  Also,
the Legislature has declared each county to be a body corporate in
Art. 1572, V.C.S., which reads as follows:

> "Each county which now exists or
> which may be hereafter established,
> shall be a body corporate and politic."

We pass now to a consideration of whether Sutton County may
lawfully execute the bond required in Art. 10.10(1).

Our Texas Constitution, Art. V, Sec. 18 is the constitu-
tional source and limitation of the powers of the County Commis-
sioners Court of each county in the State.  In its pertinent pro-
visions it reads:

> ". . .The County Commissioners so
> chosen, with the County Judge as pre-
> siding officer, shall compose the
> County Commissioners Court, which shall
> exercise such powers and jurisdiction
> over all county business, as is con-
> ferred by this Constitution and the laws
> of the State, or as may be hereafter
> prescribed."

Articles 6740 and 6741, V.A.C.S., require the Commissioners Court to build, work and repair county roads and authorize it to ". . .purchase or hire all necessary road machinery. . .as may be needed. . . ." The purchase and use of fuel to operate road machinery and the necessarily related equipment is necessarily incident to this statutory duty.

Incident to the use of special fuel the Legislature has required of every user a bond to secure to the State the tax imposed upon such user. Article 10.10(1) supra. Counties were not exempted from this requirement and said Article in our opinion authorizes counties to make such bond. This requirement is clearly within the scope of "county business" contemplated by the above provisions of the Constitution and statutes.

### S U M M A R Y

Sutton County is a "person" within contemplation of Art. 10.02(9) and is required to execute the bond required by Art. 10.10(1), both of the Special Fuels Tax Law, Chapter 10 of Title 122A, Taxation-General, Revised Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

W. E. Allen
Assistant Attorney General

WEA:jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

W. Ray Scruggs
Elmer McVey
John C. Steinberger
Sam Wilson

APPROVED FOR THE ATTORNEY GENERAL
By:  Morgan Nesbitt