

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 1, 1969

Honorable J. R. Singleton
Executive Director
Texas Parks and Wildlife
  Department
John H. Reagan Building
Austin, Texas 78711

Opinion No. M-389

Re: Liability of State for
injuries caused by bulk-
head bounding San Jacinto
State Park & Houston Ship
Channel and State's re-
course against Corps of
Engineers who maintain
Houston Ship Channel.

Dear Mr. Singleton:

In your recent request for an opinion concerning the above captioned matter, you advise that Article 6071, Vernon's Civil Statutes, created the San Jacinto State Park in 1907; that it was administered by the State Board of Control until Article 6071b, Vernon's Civil Statutes, placed it under the Texas Parks and Wildlife Department along with the San Jacinto Advisory Board.

Where the park bounds at the Houston Ship Channel, a bulkhead, originally built with Federal funds during the 1930's has been maintained. The United States Corps of Engineers constructed this bulkhead. Lately, due to the action of water, the ship traffic in the channel, and the dredging operations of the Federal authorities, the canal has been deepened to a point which is lower than the base of the bulkhead. There is real and immediate danger that the bulkhead will collapse and obstruct the ship channel. An emergency appropriation of $200,000 by the 60th Legislature, 1st Called Session, to the Parks and Wildlife Department has now been spent for emergency repairs and engineering studies. Your department has re-quested additional funds for this purpose in your 1970-71 bud-get.

You request an answer to the following two questions:

"1. Should this bulkhead fall into the
    Houston Ship Channel, what legal re-
    covery would a firm or individual in-
    jured thereby have against the State
    of Texas?

- 1921 -

"2.    What legal recourse would the Parks
       and Wildlife Department have against
       the Corps of Engineers, who maintain
       the channel?"

It is our opinion that your questions should be an-
swered, in such a manner as to make it clear that there is
no tort liability whatever on the part of the State of Texas,
either from collapsing bulkheads or from obstructions caused
thereby.  The State of Texas does not have any claim against
the United States for this condition.  The State of Texas and
the Houston-Harris County Ship Channel Navigation District,
the alter ego of the State, both act in a governmental capa-
city only, and neither the State nor its instrumentality
would be liable in tort for any damages to firms or indivi-
duals operating ships in the channel.  Texas Highway Depart-
ment v. Weber, 147 Tex. 628, 219 S.W.2d 70 (1949); Jones v.
Texas Gulf Sulphur Co., 397 S.W.2d 304, (Tex.Civ.App. 1965,
error ref. n.r.e.); Fylipoy v. Gulf Stevedore Corp. (D.C. Tex.
1966) 257 F.S. 166; Torres v. Owens, 380 S.W.2d 30 (Tex.Civ.
App. 1964, error ref. n.r.e.); 65 C.J.S., 111 Waters, Sec. 13,
Note 85.5, citing Torres v. Aransas County Navigation District
No. 1, 346 S.W.2d 903 (Tex.Civ.App., 1961, no writ); 28 U.S.
C.A. 2680; and 13 Texas Bar Journal 9 at pages 31-32, (1950),
Shirley, The Federal Tort Claims Act.

In connection with our conclusion of non-liability
for negligence in dredging, it is pertinent to consider fur-
ther the facts involved therein.  The United States Corps of
Engineers performed the actual work of deepening the channel.
The United States has a constitutional right, even a duty, to
improve navigation for the benefit of all of its citizens who
are affected thereby.  65 C.J.S. 104, Waters, Sec. 12, Note
61.5, citing B Amusement Co. v. U.S., 148 Ct. Cl. 337, 180 F.
S. 386 (1960).  The authorities recognize that a State is
possessed of the power to improve, within the state limits,
waterways and harbors and ports, except insofar as it is pre-
vented by Federal legislation or constitutional provisions
protecting private property.  65 C.J.S. 105, Waters, Sec. 104.
In placing obstructions in navigable streams, the State will
be required to comply with the Federal statutes (33 U.S.C.A.
403) making it unlawful to perform work which has not been
recommended by the Chief of Engineers and authorized by the
Secretary of the Army.  Gouax v. Bovay, (C.C.A. Miss.), 105
F.2d 256, cert.den. 308 U.S. 607 (1939).  This Federal power
to control and improve navigable rivers is derived from the

U. S. Constitution and is exclusive as far as it extends. Bedford v. U.S., 36 Ct.Cl. 474, aff'd. 192 U.S. 217 (1904); Streckfus Steamers v. Fox, (D.C. West Va., 1936), 14 F.S. 312; Gibson v. U.S., 166 U.S. 269 (Ct.Cl. 1897); Escanaba & Lake Michigan Transp. Co. v. City of Chicago, 107 U.S. 678, affirming 12 F. 777 (U.S. Ill., 1882); Southern Pacific Co. v. U.S., 58 Ct.Cl. 428, aff'd in 266 U.S. 586 (1924); I Farnham, page 381; 60 Tex.Jur.2d, 484-85, Waters, Sec. 176.

In your second question, you ask what legal recourse the Parks and Wildlife Department would have against the U. S. Corps of Engineers to repair or replace the bulkhead if it collapses into the Houston Ship Channel.

It is our opinion that neither the State of Texas, nor any of its agencies, whether concerned with parks or with navigation, would have a legal remedy against the Federal government for what appears to be a natural and probable result of a proper exercise of the superior Federal power to aid navigation by channel dredging.

> "The right to regulate commerce involved the right to regulate navigation, and this, in turn, involves the necessary uses of the submerged lands, insofar as such use was essential to the maintenance of the public highway." Scranton v. Wheeler, 57 Federal 803 at page 814, cited in I Farnham, page 381, Sec. 79b.

The State of Texas has the same rights as any other owner in regard to lands held. Reed v. State, 175 S.W.2d 473 (Tex.Civ.App. 1943, no writ). This work was done with Federal funds under aid to the State of Texas during the great depression forty years ago, and the injury to bulkheads situated along the channel, adjacent to the State park, as a consequence of normal maintenance of the ship channel is a consequential injury for which no legal liability attaches. Southern Pacific Co. v. U.S., 58 Ct.Cl. 428, aff'd. in 266 U.S. 586, (Ct.Cl., 1924); Gibson v. U.S., 166 U.S. 269,(Ct.Cl. 1897);City of Beaumont v. Texas & New Orleans Railroad, 296 Federal 523 (D.C. 1924); also see 14 A.L.R.2d 1166-67; Scranton v. Wheeler, 57 Federal 803 (6th C.A., 1893); Horstmann v. U.S., 257 U.S. 138 (1921). It is only where property, to which the Federal Government asserts no title, is taken pursuant to an Act of Congress that compensation can be claimed. U.S. v. Lynah, 188 U.S. 445

(1903). Where obstructions are authorized by law, in the bed of the stream, such authorized works must be paid for if such are later taken away. U.S. v. Lynah, supra. Where what is done by the Federal Government to improve navigation is in the exercise of a right, and the consequences are only incidental, no liability is incurred. Bedford v. U.S., 192 U.S. 217 (1904); Tempel v. U.S., 248 U.S. 121 (1918).

We assume from your request that the dredging operations were performed in accordance with plans and decisions of the United States Corps of Engineers. Therefore, the State would not have a cause of action for damages to its property under the Federal Tort Claims Act, 28 U.S.C.A. 2671-2680. Under that Act a discretionary function or duty of a Federal Agency cannot form the basis of a suit and the United States is only liable for negligence of its agents at the operational level, not for mistaken decisions at the planning level. Mahler v. U.S., 306 F.2d 713, cert. den., 371 U.S. 923 (1962); Dalehite v. U.S. 346 U.S. 15, (1953).

## SUMMARY

Federal navigational power under Art. I, Sec. 8, Clause 3, Federal Constitution, is superior to state powers; consequential damages to bulkheads such as gradual weakening over a long period of time as a result of federal or state dredging of the Houston Ship Channel to a depth where bulkheads collapse after many years is not a taking of property.

If the bulkheads fall into the Houston Ship Channel, neither the Parks and Wildlife Department nor the State can recover damages resulting therefrom from the United States or the Corps of Engineers, which maintains the Channel. The State is not

liable for exercising its governmental
power in aid of navigation.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Alfred Walker
Jack Goodman
Richard Chote
Jack Sparks
Roland Allen

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant