

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 4, 1975

The Honorable A. J. Hartel
County Attorney
County of Liberty
Liberty, Texas

Opinion No. H- 733

Re: Whether a claim for
reimbursement to a state
hospital for support and
maintenance is barred by the
two-year statute of limitations.

Dear Mr. Hartel:

You have requested our opinion regarding whether a claim for reimbursement to a state hospital for support and maintenance is barred by the two-year statute of limitations.

You state that Rusk State Hospital is attempting to collect from the estate of one of its patients a sum representing monthly charges for support, maintenance and treatment since September 1, 1971. The Hospital's claim is based upon article 3196a, V. T.C. S., which gives the State a right to be reimbursed for the care and treatment of non-indigent patients who are committed to its facilities.

Section 298 of the Texas Probate Code provides, in pertinent part:

(b) Claims may be presented to the guardian at any time when the estate is not closed and when suit on such claims has not been barred by the general statutes of limitation.

(c) No claims against a . . .ward . . .on which a suit is barred by a general statute of limitation applicable thereto shall be allowed by a personal representative. If allowed by the representative and the court is satisfied that limitation has run, the claim shall be disapproved.

The general statute of limitations is article 5526, V. T. C. S.  However, it appears to be settled in Texas and in other jurisdictions that a limitation statute does not run against the state unless a statute expressly so provides. Brown v. Sneed, 14 S. W. 248, 251 (Tex. Sup. 1890); State v. Stone, 271 S. W. 2d 741, 747 (Tex. Civ. App. -- Beaumont 1954, no writ); Luder's Adm'r v. State, 152 S. W. 220, 222 (Tex. Civ. App. -- San Antonio 1912, no writ); Waters-Pierce Oil Co. v. State, 106 S. W. 918, 929 (Tex. Civ. App. 1907, writ ref'd); 51 Am. Jur. 2d, Limitation of Actions § 417 at 890. Since neither article 5526 nor any other statute expressly provides that the two-year statute of limitations runs against the State, it is our opinion that the two-year limitation period is not applicable to claims by the State. Thus, the Hospital is not barred from collecting charges which accrued more than two years prior to the filing of the claim for reimbursement.

## SUMMARY

A claim for reimbursement to a state hospital for support and maintenance of one of its patients is not barred by the two-year statute of limitations.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb