The Governor v. Allbright.

---

THE GOVERNOR v. JACOB ALLBRIGHT AND OTHERS.

The Statute of Limitations of four years will not run against a suit by the State upon a Tax Collector's bond.

The lapse of ten years after the accrual of the cause of action will bar it against the State.

Appeal from Houston. Tried below before Hon. J. H. Reagan.

*Attorney General*, for appellant.

*W. M. Taylor*, for appellee.

HEMPHILL, CH. J. The only question in this case is whether the Statute of Limitations of four years will run against a suit by the State on a Tax Collector's bond.

The general rule is that the State will not be bound by Statutes of Limitations unless there be provision in the Statute to that effect.    In The State v. Purcell, (16 Tex. R. 305,) the late lamented Judge Lipscomb maintained with cogent reasons the conclusion that in actions brought by the State, other than those for land, the Statute should form a bar to the action. At that time I was, and still am, of opinion that sound policy requires that some limitation should be provided for actions by the State—not so short, perhaps, as for individuals, nor, on the other hand, so long as to defeat the objects of limitation, namely : to compel an adjustment of matters in controversy when facts are fresh and there is a chance of even-handed justice, and, after some reasonable time, to give protection and repose.    Some of the most enlightened States, viz : New York and Massachusetts, have placed the State and individuals on the same footing with respect to limitations.    Mr. Sedgewick, in his treatise on Statutory and Constitutional Law, suggests that the doctrine of *nullum tempus occurut regi* is traceable to the old feudal deference for power and prerogative, and if Statutes of Limitation are to be considered as Statutes of repose, there seems little reason why the Government should be exempted from their operation, "or why a power so abundantly able to protect itself should be armed with the formidable weapon of a perpetual claim." (p. 106.)

It will appear from examination that the opinion in The State v. Purcell, (16 Tex. R. 305,) assumes two grounds for affirming the judgment, viz : that the suit was barred by the Statute of Limitation, and second, that it was barred by lapse of time, more than ten years having passed since the accrual of the cause of action.    It was on this latter ground that I concurred fully in the judgment.    My impression is, and it is sustained by the recollections of Mr. Justice Wheeler, that, though inclined to the policy of limiting suits by the State, I was not willing, without express provision by Statute, to go further than to bar such suits by lapse of time, which, by

analogy, would be ten years—the longest period of limitation.

In this view of the effect of lapse of time as against suits by the State, all the members of this Court concurred and are still of the same opinion. But such defence cannot be available in this case, as ten years have not elapsed from the accrual of the cause of action until the commencement of suit. We are of opinion that the Statute of four years, as pleaded, was not a good defence, and there being error in the judgment ordered that the same be reversed and cause remanded for a new trial.

Reversed and remanded.