## THE GOVERNOR OF TEXAS V. J. P. BURNETT AND OTHERS.

The statute of limitations of ten years will run against a suit by the State upon a tax collector's bond.

Where an amendment sets up a new cause of action, it is subject to all defences which might have been made if the suit had been instituted at the time the amendment was filed.

In a suit upon an assessor's bond, in which the cause of action is *the failure to pay over the money*, and where the original petition charged that the failure was to pay the money collected upon the assessment for one year, and the amendment averred the failure to pay upon the assessment of another year—*held*, that the amendment set up a new cause of action.

APPEAL from Houston. Tried below before Wm. M. Taylor, Esq., special judge.

This is a suit instituted June 22d, 1847, against J. P. Burnett, appellee, and his sureties, on a tax collector's bond.

The petition alleged, as a breach of the condition of the bond, that the defendant Burnett, collected a large sum of money, to wit: the sum of seventeen hundred dollars and thirty-one cents, being the amount of assessment on said county for the year 1845; which said sum of money was received for the use of, and in trust for, the Republic, and which the said Burnett was in duty bound to

pay over to the treasury department thereof; yet, the said Burnett has not paid said sum, &c.

At the Fall Term of 1848, defendants filed a general demurrer and special exceptions and answer.

At the April term, 1849, exceptions were overruled and cause submitted to a jury, and a verdict for plaintiff, from which an appeal was taken, and the judgment reversed by the Supreme Court.

On Sept. 15th, 1859, an amended petition was filed, saying "that the said J. P. Burnett, as tax collector of said county of Houston, as aforesaid, collected and received for direct taxes due to the late Republic of Texas from the people of said county, a large sum of money, to wit: the sum of seventeen hundred and fifty dollars and forty-five cents, it being the amount of assessment in said county for the year 1844, due and payable in the year 1845, and was collected and received by him, the said Burnett, as tax collector as aforesaid, in the year 1845, all of which will more fully appear by reference to the account herewith exhibited marked (A), as a part of this amended petition, and which said exhibit was filed with the papers of this cause on the 19th day of October, 1847, which will fully appear by the file mark on said exhibit, and was the same upon which this suit was instituted—prayer, &c., as in original petition."

Exhibit marked (A), referred to, is as follows:

"Statement of the account of J. P. Burnett, late sheriff of Houston county, for direct taxes collected by him for the year 1844, under the laws of the late Republic of Texas.

"Dr.

"To am't of assessment for the year 1844 . . . . . . . . . . $1750 45

"STATE OF TEXAS,  }
"COMPTROLLER'S OFFICE.  }

"I certify the above to be a correct statement of the account of J. P. Burnett, late sheriff of Houston county, and the State of Texas, the same being for direct taxes collected by him for the year 1844, and showing an amount due the State of one thousand seven hundred and fifty 45-100 dollars, as appears from the books and archives of this office.

3*

"Given under my hand and seal of office at Austin, this 22d day of Feb'y, A. D. 1847.

"JAMES B. SHAW,
"Comptroller."

On the same day, Sept. 15th, 1859, defendants filed exceptions to the amended petition, setting forth in exceptions the statute of limitations; and, also, filed amended answer, pleading the statute of limitation of four years, and of ten years, and a general denial.

On the trial, the judge presiding instructed the jury that "This is an action to recover a certain amount of money due from defendants on a tax bond. The defendants set up the statute of limitation. You will inquire from the evidence, whether more than ten years has elapsed from the time this action accrued up to the filing of the amended petition, and if so, you will find for the defendants. If that period has not elapsed, you will find for the plaintiff whatever amount she may have proven.

"The amended petition dates from to-day, and the cause of action accrued on or before the 22d day of February, 1847."

Verdict and judgment for the defendants. Motion for a new trial overruled, and appeal taken.

The *Attorney-General*, for the appellant.—The suit in this cause was instituted on the 22d day of June, A. D. 1847, against the appellee and his securities on a tax collector's bond, executed on the 13th day of Feb'y, A. D. 1845, and approved on the 14th day of same month. The condition of the bond required the principal to "well and truly perform the duties required of and incumbent upon him as collector of taxes," and to "pay over all moneys by him collected for the use and benefit of the republic, under the law, to the treasury department," &c.

The petition alleges, as a breach of the condition of the bond, that the defendant, Burnett, "collected a large sum of money, to wit, the sum of seventeen hundred dollars and thirty-one cents, *being the amount of assessment on said county for the year* 1845; which said sum of money was received for the use of and in trust for the republic, and which the said Burnett was in duty bound to

pay over to the treasury department thereof, yet the said Burnett has not paid said sum of money, or any part thereof, to the treasury department of the Republic of Texas, or any authorized agent thereof," &c.

On the 16th day of October, A. D. 1848, the defendants filed general and special exceptions to the petition, and, also, a general denial.

On the 21st of October, 1848, an amended answer was filed, setting up additional grounds of demurrer to the petition.

At the April Term of the court, 1849, the cause came on to be heard, and the defendant's exceptions were all overruled, and the cause submitted to a jury.

The proof submitted by the plaintiff was the certificate of the comptroller, filed October 19th, 1847, to the effect that the defendant Burnett, was due the State the amount sued for—" the same being for direct taxes collected by him for the year 1844." A verdict and judgment were rendered in favor of the plaintiff for the amount sued for, and the defendant appealed, and the judgment was reversed by this court, mainly upon the ground that the *probata* did not agree with the *allegata*, in this, that the petition charged the principal defendant with having collected and failed to pay over $1750, the amount of the taxes assessed for the year 1845, when the evidence admitted over defendant's·objection was, that he had failed to account for a part of 1249 2-100 dollars, the amount of the assessment for the year 1844. [See Book D. of Opinions, page 261.]

After the case was reversed, the district attorney amended the petition, and alleged that the amount sued for was for assessments for the year 1844, and was collected in the year 1845. The amendment, also, makes the comptroller's certificate a part of the petition coupled with the averment that it was the same on which suit had been originally instituted, and which had been on file since the 19th day of October, A. D. 1847. This amendment, it will be seen, was filed at the Fall Term of the court, A. D. 1859, more than ten years after the accrual of the cause of action.

The judge, in the court below, in effect, charged the jury that

the amended petition set up a new cause of action, which was liable to be barred in ten years.

It is upon this ruling that a reversal of this case is asked.

It is not deemed necessary to discuss the question of limitation, although it may admit of doubt, if this court has definitely settled the doctrine, that prescription of ten years will bar the State. (Purcel v. the State, 16 T. R., 305; The Governor v. Albright, 21 T. R., 753.)

The proposition I submit is, that the amendment does not set up a new cause of action, but it is the same as that which constitutes the foundation of the original suit. The bond, which is the foundation of the action, is the same in both the original and amended petitions. The amount sued for is the same. The account, or comptroller's certificate, which was filed in the case long before the first trial was had; and which was the evidence introduced by the State on the first trial, in support of the claim, is set out as an exhibit, and made a part of the amended petition. The comptroller's certificate has been a part of the record of the case since the 19th of October, A. D. 1847. The only effect and object of the amended petition, was to correct a mistake as to time in the original petition. This was necessary in order to enable the plaintiff to introduce the evidence, which, from the beginning, was relied upon to support the action, which had become a part of the record within four years from the time the cause of action accrued, and of which the defendant had been fully notified.

*Moore & Jennings*, for appellee.

WHEELER, C. J. This suit was instituted in 1847, to recover of the appellee the taxes collected by him on the assessment of 1845. The amended petition, filed in 1859, seeks a recovery upon the assessment of 1844. We think it can not be doubted, that the amended petition sets up a new and distinct cause of action from that set up in the original petition. And more than ten years having elapsed from the accrual of the cause of action, according to the decision of this court in the case of The Governor v. Al-

The Governor v. Burnett.

bright, (21 T. R., 753,) the cause of action was barred at the time of filing the amended petition. Repeated decisions of this court have settled, that where an amendment sets up a new cause of action, it is subject to all defences which might have been made if the suit had been instituted at the time the amendment was filed. And the statute of limitations has been successfully pleaded to a new cause of action thus set up by amendment. (Williams v. Randon, 10 Tex. R., 74.)

The filing of the comptroller's certificate did not aid the original petition, because not referred to and made a part of it. It may be true that both the original and amended petition refer to the same official bond. But that is not the cause of action. The cause of action is the failure of the defendant to pay over the money; and the original petition charges that the failure was to pay the money collected upon the assessment for one year; while the amendment avers the failure to pay upon the assessment for another year. The cause of action surely is not the same. If it was, the same evidence would support it, and there would have been no necessity for an amendment. The same view was taken of this question in Bell v. McDonald, (9 Tex., R., 381.)

We are of opinion that the court did not err in ruling that the cause of action set up in the amended petition was barred by the statute of limitation. The judgment is affirmed.

Judgment affirmed.

MOORE, J., did not sit in this case.