## HOUSTON & TEXAS CENTRAL RAILWAY v. TRAVIS COUNTY.

### IN THE SUPREME COURT, AUSTIN TERM, 1884.

*Limitation—County.*—In a personal action the statute of limitation of two years runs against a county.

Appeal from Travis County.

#### OPINION.

This suit was filed on the 11th day of July, 1882, and the work and labor was performed and the indebtedness accrued on the 17th day of February, 1879,—more than two years, therefore, having intervened before the suit was instituted. The only question presented on this appeal is whether in a personal action, such as this is, the statute of limitations runs against a county. The statute of limitations does not, in terms, except counties, or other municipal sub-divisions of the sovereign authority from its operation.

It is contended, however, that they are in legal effect thus excepted under the general principal and maxim of law applicable to statutes of limitations, *"nullum tempus occurit regi,"* that time does not

run against the sovereignty ; that counties being political sub-divisions of the state, exercising the functions and powers entrusted to them in the general interest of state government as an integral part of that government, the reason of the rule exempting the state would equally apply to its counties. The authorities are numerous to the contrary effect of such an exemption, whether the doctrine contended for by the appellee be applied to towns and cities, or to counties.

Wood, on Limitations of Actions, sec.53, says:"The maxim *nullum tempus occurrit regi*, only applies in favor of the sovereign power, and has no application to municipal corporations deriving their power from the sovereign, although their powers in a limited sense are governmental. Thus the statute runs for or against towns and cities, (citing Cincinnati v. Evans, 5 Ohio, St. 494; Lane v. Kennedy, 13 Id. 42; Cincinnati v. First Presbyterian Church, 8 Id. 299; Croyinghan School District v. Columbia County, Penn. 6 Leg. Gaz. 26; School Directors v. Georges, 50 Mo. 174; Kennebunk v. Smith, 21 Me. 445; Gibson v. Chotteau, 13 Wall. U. S. 62; Alton v. Illinois Trans. Co., 12 Ill. 38), and also for or against counties, (citing County of St. Charles v. Powell, 22 Mo. 535; Evans v. Erie County, 66 Penn. St. 222; Baker v. Johnson County, 33 Iowa 151; Armstrong v. Dalton, 4 Dev. N. C. 568; County of Lancaster v. Brenthall, 28 Penn. St. 38), in the same manner as it does for and against individuals." The author adds, that in some of the states the statute is in terms extended to towns, cities and counties, "but independent of such provision the rule is as stated supra." "Although," says Judge Dillon, in his work on Municipal Corporatione, 2 vol. 668, "Municipal corporations are considered as public agencies, exercising, in behalf of the state, public duties, there are many cases which hold that such corporations are not exempt from the operation of limitation statutes, but that such statutes, at least as respects all real and personal actions, run in favor of and against these corporations in the same manner and to the same extent as against natural persons;" (citing authorities in an elaborate note.)

This doctrine was applied in the case of City of Galveston v. Menard, 23 Texas 408, which decided that the statute of limitation may be set up to bar the right of the city to a public street, and possession of it for five years, with the requisites prescribed by the statute, will confer upon the possessor full title. The opinion in that

case adopted the view expressed in that of Rowan's Executors v. Town of Portland, 8 B. Mon. 259, and quoted from it the principle, in effect, that the maxim *nullum tempus occurit regi* has no application as an exemption in favor of towns or cities in the case of a dedication made of the property in question to the town and public for common use ; the opinion cited using the following language: "That the public right, as growing out of the dedication in this case was subject to be divested and defeated by such possession, admits, as we think, of no doubt. The dedication was not to the use of the commonwealth, as a corporate being, and invested no title or interest in it. The maxim *nullum tempus occurit regi* is, therefore, inapplicable. And there is nothing to exempt the right which vested really in the town and its citizens, to be upheld by them for the public, from the operation of the statute of limitations or from the presumption arising from adverse claim and possession as they would apply to ordinary cases of private rights or public easements." The privilege of the maxim *nullum tempus* etc., has been extended in England, to the lessees of the crown. (Ang. on Lim. sec. 38; Lee v. Norris, Cro. Eliz. 331). And in Alabama and Kentucky it has been held that the statute does not run against the grantee of the state while the state has title. (Kennedy v. Townley, 16 Ala., 239; Hartley v. Hartley, 3 Met. Ky., 56.) In Illinois, it was adjudged to extend to the state bank. By the act creating that institution, it was declared that it should belong to the State of Illinois; and therefore a debt due to the bank was due to the state, and consequently not barred by the statute. (Ang. on Lim., sec. 38; State of Illinois v. Brown, 1 Scammon Ill., 106; Mahone v. Central Bank, 17 Geo., 111). But it was held in North Carolina, that, though no laches were imputed to the state, yet it is not the case as to those bodies to whom the execution of a public trust is committed; and therefore where the county court brought an action of assumpit against a treasurer of public buildings, the statute was a bar. (Ang. on Lim., sec. 38; Armstrong v. Dalton, 4 Dev. N. C., 568.)

The principle on which the extension of the benefits of the maxim is made seems to rest upon the idea that the statute will not run where the sovereignty was substantially interested in, and vested with the right and ownership of the subject matter in litigation and which is sought to be subjected to the operation of the statute of

limitation. It was this qualification, in the application of the maxim *nullum tempus* etc., that Justice Bonner doubtless referred in the opinion in Coleman v. Thurmond, 56 Tex. 519, where in reviewing the decision in City of Galveston v. Menard, supra, he remarked: "We are not disposed to extend the doctrine of that case." In the opinion delivered in Coleman v. Thurmond, it is said, "under our statute of limitations as to lands, the right of the state is not barred." (R. S. Art 3200; Pasch. Dig., Art. 4623.) As the state would not be barred in such cases, neither would the county, under our general statute on this subject, it being a subdivision of the state, and having but a general control and authority over the streets in trust only for the use and benefit of the state at large.

The view advanced by the learned Justice meant we think to indicate in the case before the court, that the doctrine held in cases of Lee v. Norris; Kennedy v. Townley; Hartley v. Hartley; and State Bank of Illinois v. Brown, was applicable to the case of mere general control and authority of a county over streets of a town—that it was the state at large that held the actual, real beneficial interest in streets as public highways, and that the county as a political subdivision, had but a trusteeship in them for the use and benefit of the state at large. In City of Galveston v. Menard, the court applied the statute of limitations absolutely and without reservation, notwithstanding a dedication of the property for the use of the public, and in Coleman v. Thurmond, the court pertinently said as above quoted, that it was not disposed to extend the doctrine beyond the limits indicated in that case. The policy of the state in regard to exempting the sovereignty from the operation of statutes of limitations has been construed by the supreme court to have been limited to those statutes to lands, and that personal actions in favor of the state were subject to be barred by lapse of time. (See The State v. Purcell, 16 Tex. 308; the Governor v. Allbright, 21 Texas, 753; The Governor v Burnett, 27 Texas, 37.)

The statutes of limitations contained affirmative expressions expressly declaring that the state was not subject to the three years, five years, nor ten years statute of limitation. Arts. 4522, 4523, 4624, Pasch. Dig., but the statutes of limitations were silent in respect to the application of the statutes in respects to any other class of rights in which the state might be concerned.

The Revised Statutes, chapter one, entitled Limitation of actions for land, and embracing the subject of land only, provides, (Art. 3200,) that, "The right of the State of Texas shall not be barred by any of the provisions of this chapter." The Revised Statutes makes no further similar reservation in favor of the state in respect to other rights. The construction thus given by the courts has not during the long period of time during which the decisions referred to have been followed, given rise to no legislation indicating an intention to establish a rule different from that which those decisions have afforded. Such continued acquiescence would seem to indicate that the legislative mind acquiesced in the policy of restricting the operation of the maxim *nullum tempus occurrit regi*, so far as the state even is concerned, within the limits which judicial construction has assigned to it.

Under this suggestion it is deemed pertinent to refer to an Act of the legislature, the purpose of which was to protect certain school lands granted to counties, from the operation of the statutes of limitations, as showing that the legislature conceived that the statute of limitations would run against counties, unless its operation in that respect was restricted by legislative enactment. The statute referred to is Art. 3470, Pasch. Dig., which provides that "No statute of limitation shall run in favor of anyone who has heretofore, or may hereafter settle upon or occupy any of the lands that have heretofore been granted, or may hereafter be granted by the state, for purposes of education."

We are of the opinion that it is clearly settled upon authority, and by the analogies to be drawn from our decisions, aided by the inferences deducible from our legislation, that the statute of limitations of two years has proper application to the plaintiff's cause of action, and that the court erred in striking out the defendant's plea of the statute.

The plea was not obnoxious to the objection either, that it was not pleaded in the due order of pleading, and it was not subject to be stricken out on that ground.

We conclude that the judgment ought to be reversed, and the cause remanded. Walker, Judge.

Report of Commissioners of Appeals examined, their opinion adopted; the judgment reversed and the cause remanded. Willie, C. J.