## STATE OF TEXAS v. CHARLES H. GIBSON.

### Decided November 20, 1901.

**1.—Taxes—Subsidy Bonds—Collecting Tax After Bonds Paid.**

Where a county issued railroad subsidy bonds and levied a special tax for their payment, the State was entitled to maintain an action against a delinquent taxpayer to recover such tax for the county after the bonds had been fully paid and discharged.

**2.—Same—Limitations—Suit for Taxes.**

The Act of 1879 (Special Session, page 15, section 16) denying to delinquent taxpayers the right to plead limitations as a defense against a claim for taxes, remained in force until repealed by the adoption of the Revised Statutes on September 1, 1895, and having been re-enacted October 9, 1895, limitations ran only for the intervening time of one month and nine days against a claim for delinquent taxes for the years 1885-1897 on which suit was brought December 1, 1898, so that neither the two years statute nor the ten years statute of limitations could be invoked in such suit.

**3.—Same—Laches.**

Lapse of time can not be set up as a bar to defeat a suit to collect a tax due the State where the statute has suspended limitations as to claims for taxes.

Appeal from Harrison. Tried below before Hon. W. J. Graham.

*Ben S. Pope* and *C. W. Field,* for appellant.

*T. P. Young* and *F. N. Prendergast,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by plaintiff, the State of Texas, against the defendants, Charles H. Gibson, Henry Sekamp, and the unknown heirs of E. O. Legrand, for delinquent taxes due the State and county on about 2800 acres of the Samuel Monday league in Harrison County, Texas, and on the 25th day of March, 1901, was submitted upon an agreed case to the judge of the District Court of said county, who rendered judgment in favor of appellant for a certain part of its claim, to wit, the sum of $129.79 States taxes, and $176.20 county taxes, with a foreclosure of tax lien; and in favor of appellee and against appellant's claim of $220.75, with interest, "railroad subsidy taxes," from which judgment appellant has duly prosecuted its appeal.

The case is brought here as an agreed case under article 1414 of the Revised Statutes. The following is the case as presented:

"1. On December 1, 1898, the State filed suit in the District Court of Harrison County, Texas, against Charles H. Gibson, Henry Sekamp, and the heirs of E. O. Legrand for taxes due the State and county on about 2800 acres of the Samuel Monday league in said county. A portion of the tax levied for each year was levied to pay certain bonds, known as the 'railroad subsidy bonds.' The following list shows the year, the total tax due, and the amount of the subsidy tax for each year:

| Year. | Total Tax. | Subsidy. | Net. |
|---|---|---|---|
| 1885 | $58.81 | $27.97 | $30.84 |
| 1886 | 59.68 | 31.76 | 27.92 |
| 1887 | 61.12 | 36.00 | 25.12 |
| 1891 | 32.34 | 11.55 | 20.79 |
| 1892 | 30.03 | 11.55 | 18.45 |
| 1893 | 56.84 | 21.86 | 34.98 |
| 1894 | 70.04 | 26.94 | 43.10 |
| 1895 | 40.02 | 13.12 | 26.90 |
| 1896 | 49.47 | 17.00 | 32.47 |
| 1897 | 68.38 | 23.10 | 45.28 |
| | $526.73 | $220.75 | $306.20 |

"2. It was shown that in 1873 Harrison County issued $300,000 of railway subsidy bonds under the law of 1871 (Acts of 1871, page 29). In 1880 the county compromised these bonds by issuing new bonds to the amount of $197,000, under the Act of 1879 (Revised Statutes, articles 893 to 901), and the tax was levied on each of the years above named to pay said compromise bonds. Said bonds were all paid off by said taxes, levied and collected in years prior to 1899, and heretofore collected from the taxpayers of the county, and there are now none of said compromise bonds outstanding.

"3. The defendant Gibson set up as a defense: (1) That the subsidy bonds being all paid, the subsidy tax could not now be collected. (2) That taxes due the county more than two years before October 9, 1895, were barred by two years limitation. (3) That all taxes due to the State or county more than ten years before the suit was filed are barred by ten years limitation against all the defendants.

"4. The court sustained defendant's objections to the subsidy tax, overruled all pleas of limitation, and gave judgment as follows:

For State tax ...........................................$129.79
County tax ............................................ 176.41

$306.20

"Total to bear 6 per cent interest from this date. The taxes due for 1895 and for each subsequent year to bear 6 per cent interest from the first day of February following the year for which they were due.

"5. The State excepted to the ruling that the subsidy tax could not be collected in this suit. The defendant Gibson excepted to the ruling that the taxes were not barred as above claimed.

"6. The evidence showed that Charles H. Gibson owned the land, and that Henry Sekamp and the heirs of E. O. Legrand are not shown to have any interest in the land.

"7. Both parties gave notice of appeal. The court foreclosed a lien on the land to secure the taxes. It is agreed that plaintiff's pleadings and evidence are sufficient, unless defendant's contentions are correct.

"8. The parties agree on this statement as an agreed case, to be used on appeal in the place of the pleadings, statement of facts, and bills of exceptions."

*Opinion.*—Appellant complains that the court erred in holding that it could not recover that part of the county taxes known as the railroad subsidy tax, and in failing to include the amount of said tax in the judgment. It is admitted that this tax was regularly levied and assessed for each of the years set out in the petition, and that at the time of the several levies the subsidy bonds had not been paid. The bonds were all paid off by taxes collected from other taxpayers of the county prior to 1899. It is not contended that the facts did not exist at the time of the levy which made the levy necessary or that the amount of the levy was excessive. The contention by appellee is, that the bonds and debt having been paid, the county has no further interest in the matter, and will not be allowed to collect the tax merely for the swelling of the general fund of the county when the reason for collecting it has ceased to exist. This contention ignores the principle that the burden of taxa- should be borne equally by all taxpayers alike, in proportion to the amount of property owned by each. The Legislature recognized this principle, and seems to have anticipated that a condition might arise in which the levy would produce an excess over and above the amount necessary to pay bonds of this character, and in 1895 made provision for the disposition of such excess by passing the same to the general fund of the county. Sayles' Civ. Stats., arts. 5243n, 5243o. The effect of passing such excess to the general fund of the county was to make an equal distribution of the same for the benefit of the taxpayers in proportion to the amount of their property.

The Supreme Court of Missouri has passed upon this question, and held that the payment of the debt by the county, to pay which the special tax was levied, after such levy and before the institution of suit, did not bar the collection of the tax. State v. Hamilton, 7 S. W. Rep., 583. In that case, as in this, the attempt was made by the defaulting taxpayer to defeat the payment of taxes by showing that the judgment, for the paymen of which the special tax was levied, had been paid after the assessment and levy, but before the suit was instituted. The court held that the payment by the State of the judgment rendered against it did not exonerate the defendants from bearing and discharging their share of

the public burden.. We conclude that the payment of the subsidy bonds.
by the county, after the assessment and levy of the tax, but before the·
cause was tried, did not operate as a bar to its recovery in this suit, and·
the trial court erred in not so holding.

2. The cross assignments of error by appellee raise the following ques--
tions: (1) Were the taxes due the county for more than two years.
prior to October 9, 1895, barred by the two years statute of limitations?
(2) Were the taxes due the county for more than ten years before the·
suit was filed barred by ten years limitation? (3) Were all taxes due
the State for more than ten years prior to filing suit barred by ten years.
limitation? The appellee maintained the affirmative of these questions.
It has been held that the statute of limitations will run against a county..
Railway v. Travis County, 62 Texas, 16; Johnson v. Llano County, 39 S.
W. Rep., 995. Unless, then, the statute was suspended in some manner,.
it would follow that the greater part of the plaintiff's claim was barred
by ·the statute of limitations at the time of filing this suit. In 1879 the·
Legislature passed an act as follows: "No delinquent taxpayer shall
have the right to plead in any court, or in any manner rely upon, any
statute of limitations by way of defense against the payment of any taxes.
due from him or her either to the State, or any county, city or town."
This act remained in force until the Revised Statutes of 1895 went into·
effect, to wit, September 1, 1895. The act was omitted from · the Re-
vised Statutes, and was therefore repealed. It was re-enacted at the·
called session of the Legislature on October 9, 1895, and took effect at
the time of its re-enactment by reason of the emergency clause. Thus.
it will be seen that there was one month and nine days during which time·
there was no suspension of the statute of limitations. The contention.
of the appellee is that the act of 1879, above quoted, did not suspend
the running of the statute of limitations, but only inhibited the pleading·
of the statute as a defense to defeat recovery for taxes That the pro-
hibition against the pleading of the statute as a defense was removed
from September 1, 1895, to October 9, 1895, and, when it was removed,
the statute of limitations could be successfully interposed as a defense,.
if time had matured the right. We are of the opinion that this is too·
restricted a construction to place upon this act. While it does not, in
express words, 'declare that limitation shall not run against a demand
for taxes, yet it does deprive the delinquent taxpayer of the right of·
pleading the statute or in any manner relying upon the statute by way
of defense. If, as stated by the statute, the delinquent taxpayer can not
"in any manner rely upon the statute of limitations," then it would seem·
that its effect is to suspend the running of the statute of limitations so·
far as taxes are concerned. The effect of the act above quoted was to·
suspend the statute of limitations as to all taxes due the State, county,.
or city, from the time it went into effect, except such as were then barred,.
until the time it was repealed, to wit, September 1, 1895. This holding,
we think, is in line with the opinion in the case of Mellinger v. City of·
Houston, 68 Texas, 37. It is also in line with the opinion of the Court

of Civil Appeals for the Fourth District in Hernandez v. San Antonio, 39 Southwestern Reporter, 1022. Such being the effect of the act, and it having been re-enacted on October 9, 1895, it follows the statute of limitations has been suspended during the time the taxes sued for have been due, except one month and nine days, and hence the contention that the judgment is barred by the statute of two years limitations is not sustained.

These remarks dispose of the contention that the taxes were barred by the ten years statute adversely to the appellee. But appellee contends that, independent of the statute, the State may be barred by laches and long delay, and that for this reason the taxes are barred. It has been held that a suit by the State on a tax collector's bond was barred if not instituted within ten years from the time of default thereon. State v. Purcell, 16 Texas, 306; Governor v. Albright, 21 Texas, 754; Governor v. Burnett, 27 Texas, 36. When these decisions were rendered there was no statute in force prohibiting the pleading of the statute of limitations in a suit to recover taxes. Having previously held that the Act of 1879 suspended limitations as to taxes, we are of the opinion that lapse of time can not be set up as a bar to defeat a suit to collect a tax due the State.

The judgment of the court below will be reformed so as to include the railroad subsidy tax in the recovery by plaintiff, with a foreclosure of lien upon the land described in the petition, and, as reformed, it is affirmed.

*Reformed and affirmed.*

Writ of error refused.