HEMPHILL COUNTY, Texas, Appellant,

v.

Walter ADAMS et al., Appellees.

No. 3971.

Court of Civil Appeals of Texas.

Eastland.

April 23, 1965.

J. D. Crow, County Atty., Hemphill County, Canadian, for appellant.

Allen, Allen & Reavis, Perryton, for appellees.

WALTER, Justice.

Hemphill County filed suit against Harry Rathjen and Walter Adams for conversion of two jeep motor vehicles. The defendants' motion for summary judgment was granted and the plaintiff has appealed.

Hemphill County's Civil Defense Unit had as its director, Harry Rathjen, who was also sheriff of Hemphill County. The sheriff was appointed director by the Commissioner's Court on February 9, 1959. During the time Rathjen served as director, the unit acquired two jeeps.

Hemphill County alleged that on November 22, 1961, it owned a jeep motor vehicle which had been donated to the Hemphill County Civil Defense Unit by the Texas Surplus Property Agency under the direction of the defense department of the United States; that thereafter while Walter Adams was sheriff of Hemphill County, he assigned said jeep vehicle by endorsing the title thereto in the following manner: "Hemphill County, Texas by Walter Adams, Sheriff" to Ray Dudley Motor Company; that the motor company paid $600.00 for said vehicle, and that Walter Adams had no authority to sell any property of the county and the transfer and assignment of said jeep was fraudulent and an unauthorized conversion and sale of plaintiff's property.

It further alleged that on September 22, 1961, Hemphill County owned another jeep motor vehicle which had been donated to the Hemphill County Civil Defense Unit by the Texas Surplus Property Agency; that Walter Adams assigned said jeep by endorsing the certificate of title thereto as "Hemphill County, Texas, by Walter Adams, Sheriff", to Harry Rathjen; that on the 21st day of November, 1961, Rathjen made an assignment and transfer of said vehicle to Dudley Motor Company for a consideration of $450.00, and that such transfer was fraudulent and an unauthorized conversion.

It was further alleged in the county's petition that "such fraud and loss to the plaintiff did not become known until on or about the 1st day of May, 1963, and that it was impossible for the plaintiff to have knowledge and plaintiff did not have knowledge of the same until on or about said date."

The county's petition asked for a judgment against Rathjen and Adams for $1,050.00, for conversion of the two jeeps.

Harry Rathjen answered and asserted that the County Attorney of Hemphill County had no authority to bring this suit in that the Commissioner's Court had not consented to the filing of such suit, and that all necessary parties had not been included. The above answer was verified. Rathjen also excepted to the County's petition because it appeared from such petition that any cause of action which it might have was barred by the two year statute of limitation.

Walter Adams filed a verified answer and asserted that the County Attorney had no authority to file such suit. He also excepted to the plaintiff's petition and asserted that it was barred by the two year statute of limitation. Adams further answered that the title to the vehicles was in the name of Harry Rathjen, sheriff of Hemphill County; that Rathjen paid for said vehicles with his own private funds; that he, Walter Adams, succeeded Rathjen as sheriff on the 3rd day of July, 1961; that Rathjen offered to sell said vehicles to Hemphill County and the County rejected said offer; that the County did not pay any consideration for said vehicles and was never the legal or equitable owner thereof; that Rathjen sold said vehicles; that he, Walter Adams, received no part of the consideration for executing said title; that all of the consideration was paid to Rathjen, the legal and equitable owner of said vehicles.

Walter Adams requested the County to admit the truth of the following fact: "That Hemphill County, Texas, never paid any money or other consideration of any nature for either of the Jeep Vehicles for which plaintiff seeks recovery of the proceeds of sale by its original petition."

The County's reply to said request for admission in part is as follows: "It is not true that Hemphill County, Texas, never paid any money or other consideration of any nature for either of the jeep vehicles for which Plaintiff seeks recovery of the proceeds of sale by its Original Petition. Hemphill County was the Civil Defense Unit and as such was the sole authority entitled to receive Civil Defense property. Such property could not lawfully be accepted or received except for Civil Defense Use and by the Hemphill County Civil Defense alone."

Rathjen and Adams asserted in their motion for summary judgment that because Hemphill County paid no consideration for the jeeps it was not entitled to recover. Rathjen and Adams filed affidavits in support of their motion.

In reply to the motions for summary judgment Hemphill County filed an instrument that was signed and sworn to by the County Attorney. He asserted in part "that it has not been determined that Hemphill County, Texas, never paid any consideration for the vehicles;" that "this plaintiff says that defendant Rathjen, himself, never lawfully paid any consideration for said vehicles, and that if he did pay for the same, that he did so in fraud of the County of Hemphill and without its consent"; that "Plaintiff further denies the truth of the statement contained in the affidavit of said defendant Harry Rathjen, sworn to on July 17, 1964 and filed in this Cause. On the contrary, plaintiff says that the individual commissioners and the County Judge of Hemphill County (which are the sole and only administration and custodial body) each deny and have denied and yet deny that they, or plaintiff, were or was familiar with the fact that defendant Rathjen sold the jeeps or that he intended to sell said jeeps at the time of the sale. Hemphill County, as plaintiff denies such allegation of the defendant. Hemphill County says that said defendant has uttered a statement subject to the false swearing and perjury provisions of law which in this instance controverts proceedings held by another body. Plaintiff likewise denies that said defend-

ant lawfully paid any consideration for said jeeps and for the reasons above given."

"Plaintiff says that the affidavit sworn to on July 17, 1964, by the said defendant, Walter Adams, and filed in this Cause, is untrue wherein the same says that title to the jeeps was vested in the Sheriff of Hemphill County, Texas. That title to said jeeps was never vested in the Sheriff of Hemphill County, Texas, and this statement is absolutely untrue. That title to said jeeps was vested in Hemphill County, Texas, at the time the same was conveyed by said defendant, Walter Adams, and prior to that was vested in Hemphill County Civil Defense. That at no time in the history of said titles to said jeeps was the same reposed in any Sheriff of Hemphill County, Texas. That this is a salient fact in issue in this lawsuit. This plaintiff makes a direct, unqualified denial of the truth of the said statement by said defendant. This plaintiff says that said defendant lies when he makes such statement. This plaintiff says that such statement is a fiction, unsupported by fact and fraud on this Court and a violation of the False Swearing and Perjury laws of this State."

Harry Rathjen's oral deposition was taken and he testified therein substantially as follows: The jeep was never used for civil defense and the title to said jeep was in the County. I received it for Hemphill County and for purposes of Civil Defense. If I had considered that the jeep belonged to me I would have applied for the title in my name. At such time, I did not consider that the jeep belonged to me. I considered the jeep belonged to Hemphill County and that's the way the title was issued and title stayed in Hemphill County until the 22nd day of September, 1961, at such time Walter Adams as sheriff signed "Hemphill County by Walter Adams, Sheriff" and conveyed this jeep to me as my personal private property. At the same time I applied for a title in my name. This was on the quarter ton jeep. I sold the two jeeps. I received $650.00 for the little jeep and received $400.00 for the other jeep. I agree that up to September 22, 1961, before Walter Adams signed this title, the title to said vehicle was in Hemphill County and belonged to Hemphill County. After Walter Adams signed the title on such date I received title to the vehicle. I thereafter made application for title.

This is a suit for conversion. That term has been defined:

"* * * as the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time, and may be effected by taking actual corporal possession and control over the property of another so as to prevent the owner from the exercise of such rights." 14 Texas Jur. 2d page 5.

On the hearing of a motion for a summary judgment the court must determine whether there is any issue of fact to be tried. The court cannot weigh the evidence, determine the credibility of the witnesses or try the case on affidavits. All doubts as to the existence of a genuine issue as to a material fact must be decided against the party moving for a summary judgment. The court must accept as true all evidence of the party opposing such a motion which tends to support his contention and must give him the benefit of every reasonable inference which may be drawn therefrom. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Box v. Bates, (Sup. Ct.) 162 Tex. 184, 346 S.W.2d 317.

After applying these well established principles of law to the facts in this case, we have concluded that material issues of fact exist on the elements of conversion. The evidence does not conclusively demonstrate that the County's cause of action was barred by the two years statute of limitation. All of the evidence tendered by the appellees to support their mo-

**550**

tion for summary judgment was categorically denied in the affidavit of the County Attorney. The depositions of the appellee Rathjen and his affidavit and the affidavit of appellee Adams must be viewed as evidence of interested parties. In James T. Taylor and Son, Inc., v. Arlington Independent School District, Tex., 335 S.W.2d 371, our Supreme Court held:

"The general rule is that the testimony of an interested witness does no more than raise a fact issue to be determined by the jury."

The judgment is reversed and the cause is remanded.