

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 20, 1985

Overrules C-739

Honorable Morris Samford, Jr.
Panola County Attorney
Room 225, Courthouse
Carthage, Texas   75633

Opinion No.  JM-398

Re:   Reimbursement of county jail inmates for money lost to escaping prisoner

Dear Mr. Samford:

You inquire who is legally responsible for reimbursement to county jail inmates for money taken from the jail by an escaping prisoner.  We conclude that the county is legally responsible for money retained by a county jail for safekeeping.

The legislature has provided that the sheriff is responsible for the operation of the jail and for the safekeeping of prisoners confined in the jail.  Article 5116, V.T.C.S., provides, in part, that

> (a)  Each sheriff is the keeper of the jail of his county.  He shall safely keep therein all prisoners committed thereto by lawful authority, subject to the order of the proper court, and shall be responsible for the safe keeping of such prisoners.

> (b)  The sheriff may appoint a jailer to take charge of the jail, and supply the wants of those therein confined; but in all cases the sheriff shall exercise a supervision and control over the jail.

Article 16.21 of the Code of Criminal Procedure states, in part, that

> Every sheriff shall keep safely a person committed to his custody.

See also Attorney General Opinion H-1190 (1978).

The legislature also has provided that the "Commissioners Court shall provide safe and suitable jails for their respective counties," and that the jails shall comply with the rules and procedures of the Commission on Jail Standards.  See V.T.C.S. art. 5115, as amended in

1975. While the sheriff is responsible for operating the jail to provide the safekeeping of prisoners, the "county is liable for all expenses incurred in the safekeeping of prisoners confined in the county jail," except that a county transferring a prisoner to another county is liable for such expenses for the transferred prisoner. See Acts 1985, 69th Leg., ch. 269, at 2340 (to be codified as Code Crim. Proc. art. 104.002). See also Alberti v. Sheriff of Harris County, Texas, 406 F.Supp. 649, 669 (S.D. Tex. 1975) (commissioners court has duty to maintain safe and suitable jail; sheriff has duty to keep safely prisoners in his custody).

Pursuant to the enactment of article 5115.1, V.T.C.S., in 1975, the Commission on Jail Standards promulgated rules and procedures relating to minimum standards for admission to and release from county jails which provide the following:

§265.6. Inmate File.

An individual file on each inmate shall be established on intake. A copy of all documents that purport to legally authorize the inmate's commitment shall become a part of the inmate's record, along with information obtained under §256.4 of this title (relating to Information about Inmates) and §256.5 of this title (relating to Health Tags).

§265.11. Inmate Property Checking.

If an inmate is not going to be released, the receiving officer shall carefully record and store such of the inmate's property as is taken from him and issue the inmate a receipt, signed by the receiving officer and the inmate, to be kept in the inmate's file pending release.

§269.1. Record System.

The sheriff shall establish a records system for the detention facility which includes:

(1) a daily record of the number of inmates in the detention facility;

(2) a record on each inmate, including information obtained during admission, all classifications given him, personal property receipts, commitment instructions, transfer orders, release orders, date of booking and

> release, disciplinary actions, unusual occur-
> rences, and any other information relating to
> the inmate's confinement;
>
> (3) <u>a record of receipts and expenditures of</u>
> <u>money for each inmate's account.</u> . . .
> (Emphasis added).

37 Tex. Admin. Code, Part IX, §§265, 267, 269.

For the safety of inmates and to comply with jail standards, prisoners are not permitted to keep any money while confined in jail. All money remains in the custody of the sheriff where it may be deposited in an account that serves as a depository for all inmates personal funds. Normally, a prisoner must purchase certain personal items, such as soap, prestamped envelopes, tobacco, etc., which frequently are purchased from a jail commissary. <u>See</u> 37 Tex. Admin. Code, Part IX, §§259.32, 259.132. <u>See also</u> Attorney General Opinion MW-143 (1980). Each inmate has a record that shows the receipts to and expenditures of money from his account, including debits for each purchase made at the commissary or made elsewhere for the inmate.

We believe that officials with the duty to operate a county jail impliedly contract with the inmates that the jail will repay the unused balance of their accounts on their release, thereby creating a relation analogous to that of debtor and creditor in the context of a bank and the bank's depositors. <u>Cf.</u> <u>Grebe v. First State Bank of Bishop</u>, 150 S.W.2d 64, 67 (Tex. 1941); <u>City National Bank of Bryan v. Gustavus</u>, 106 S.W.2d 262, 264 (Tex. 1937).

It is well settled that a county commissioners court has only the powers conferred either expressly or by reasonable implication by the constitution and statutes of the state. <u>See</u> Tex. Const. art. V, §18; <u>Canales v. Laughlin</u>, 214 S.W.2d 451, 453 (Tex. 1948); Attorney General Opinion C-739 (1966). It is our opinion that, in order to provide safekeeping for prisoners confined in jail and to comply with the rules of the Commission on Jail Standards, the sheriff has a duty to keep and administer the inmates' money until their release and to repay to each the unused balance when the inmate is released. The retention and repayment of inmates' money is a necessary function and expense incurred by the county "in the safekeeping of prisoners confined in jail." As such, we conclude that a county is responsible for the repayment of funds owed to inmates by the jail, even if the funds are taken from the jail by an escaping prisoner. <u>Cf.</u> Attorney General Opinion H-1253 (1978). <u>But cf.</u> Attorney General Opinion JM-170 (1984).

In 1966, this office stated in Attorney General Opinion C-739 that it found no authorization for a county to reimburse prisoners of

a county jail for cash belonging to prisoners which was taken from a county jail by escaping prisoners. Attorney General Opinion C-739 is no longer valid because it was decided prior to the enactment of article 5115.1 and the rules of the Commission on Jail Standards.

It has been suggested that the sheriff and his sureties are legally responsible for the reimbursement to prisoners whose money is taken by a jail escapee. A sheriff may be liable to a person or entity that suffers damage resulting from his official conduct if he fails to perform his duties or wrongfully or negligently performs his duties. Hence, a sheriff could be liable for a loss that resulted from his negligence in keeping property in his custody. See V.T.C.S. arts. 5998 through 6003a; art. 6866. An action to recover damages may be brought against a sheriff and his bondsmen for a breach of his official duties, but sureties on a sheriff's bond are liable only for a violation of the conditions of their bond. See Lasater v. Waits, 68 S.W. 500, 501 (Tex. 1902); Jeff Davis County v. Davis, 192 S.W. 291, 294 (Tex. Civ. App. - El Paso 1917, writ ref'd). Cf. Hemphill County v. Adams, 406 S.W.2d 267, 272 (Tex. Civ. App. - Amarillo 1966), rev'd on other grounds, 408 S.W.2d 926; Browning v. Graves, 152 S.W.2d 515 (Tex. Civ. App. - Fort Worth 1941, writ ref'd).

The liability of a sheriff and his sureties for the sheriff's failure to faithfully perform his official duties involves fact questions which this office is not equipped to answer in the opinion process.

### SUMMARY

The retention and repayment of inmates' money by the personnel of a county jail are a necessary function and expense incurred by the county in the safekeeping of prisoners confined in the jail. A county is responsible for the repayment of funds owed to inmates by the jail which are taken from the jail by an escaping prisoner.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

p. 1825

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General